206 P.2d 348

**CHERNOV et al. v. SANDELL.**

No. 5076.

Supreme Court of Arizona.

May 16, 1949.

Rehearing Denied July 16, 1949.

328

John M. Levy and Lloyd J. Andrews, Phoenix, for appellants.

V. L. Hash, Phoenix, for appellee.

PHELPS, Justice.

Benjamin Sandell, appellee, hereinafter called plaintiff, brought an action in the Superior Court of Maricopa County against Henry B. Chernov and Charles H. Chernov, appellants, hereinafter called defendants, to recover $1250 from said defendants which plaintiff claims was obtained by them through representations that were untrue and upon which plaintiff relied.

The plaintiff alleges in his complaint that he was unemployed and on or about November 27, 1946, defendants, who were then copartners engaged in the business of contract painting in Phoenix, offered him a partnership in the business; that they informed him that he would have to pay to defendants the sum of $1500 so that defendants might obtain a license from the state of Arizona to engage in the painting contract business as a copartnership and that it was necessary that plaintiff deposit with defendants said sum of $1500 to insure the securing of said license; that he relied on said representations and, believing it was necessary to deposit said sum with defendants, did deposit with them the sum of $1500. The evidence shows that he paid said sum by check, $750 to Henry B. Chernov and $750 to Charles H. Chernov.

The complaint further alleges that later Henry B. Chernov returned $250 of said sum to plaintiff. He now seeks judgment against defendants for $1250.

Defendants filed a motion to dismiss the cause of action upon the ground that said complaint did not state a claim upon which relief could be granted, assigning as a reason therefor that the copartnership agreement, clause 10, thereof, provided for an arbitration of such a claim which constituted his exclusive remedy for redress in this case. Upon said motion being denied by the trial court defendants filed a general denial and Henry B. Chernov filed a cross-complaint against plaintiff praying for recovery of $250 from him as and for a loan to plaintiff which he alleged he made to him as evidenced by a promissory note executed by plaintiff in favor of the said Henry B. Chernov dated November 27, 1946. To this cross-complaint the plaintiff filed a reply in which he admitted the execution of said note but alleged that it was wholly without consideration.

The cause was tried to a jury which found the issues on both the complaint and cross-complaint in favor of the plaintiff.

From said verdict and judgment of the court and from an order denying defendant's motion for a new trial the cause is appealed to this court.

The records in this case stand out as a signal monument to a lack of preparation of the case and a proper consideration of the issues involved at the trial of said cause. Certainly it in no wise reflects the ability which we know that all the counsel who participated in the trial possess.

A casual reading of the complaint evidences a total disregard by the pleader of the cardinal rules as set forth by this court

as to what is required in a pleading to constitute actionable fraud. The complaint is wholly lacking in the essentials required. No steps were taken by the defense to have the deficiency supplied by requiring the plaintiff to amend his complaint but the case was tried on the theory of actionable fraud, hence we will so treat it here.

██ Defendants have presented seven assignments of error, some of which do not meet the requirements of the following rule governing appeals in the Supreme Court and therefore will not be considered:

"Rule 12. Assignments of error.—1. All assignments of error must distinctly specify each ground of error relied upon and the particular ruling complained of * * *.

"2. If the assignment of error be that the court overruled a motion for new trial and the motion is based on more than one ground the same will not be considered as distinct and specific by this Court unless each ground is specially and distinctly stated in the assignments of error.

"3. Any objection to the ruling or action of the court below will be deemed waived in this Court unless it has been assigned as error in the manner above provided.

"4. If the assignment of error be to the giving of instructions to the jury by the lower court, the appellant must state specifically wherein the instruction complained of is erroneous in its statement of law applicable to the case, or to any particular fact or facts therein."

██ We will first take up the pertinent portion of assignment No. I which is based upon the legal grounds that the court erred in denying defendants' motion to dismiss plaintiff's complaint for the reason that the controversy on which the complaint is based arises out of and is contained in an agreement of copartnership between the parties and that paragraph 10 thereof provides that any such issues as set forth therein must be referred to a board of arbitrators and that no other course is open to plaintiff.

Paragraph 10 reads as follows:

"If at any time during the continuance of the said co-partnership, or after the dissolution or termination thereof, any dispute, difference or question shall arise between the partners, or any of them, touching the copartnership or accounts or transaction thereof, or the dissolution or the construction, meaning or effect of this Agreement or anything herein contained, or the rights or liabilities of the co-partnership in relation to the premises, every such dispute, difference or question shall be referred to the arbitration of five (5) persons to be appointed as follows: One to be appointed by each partner, and three such persons shall appoint two disinterested persons who shall proceed to hear and determine the matters and differences, and that the award or decision of the arbitrators shall be final and binding upon the said

parties hereto and their respective administrators, executors and assigns."

We find no error in the ruling of the court denying said motion for the reason that a mere reference to paragraph 10 of said agreement shows that it states in concise English the scope of the matters to be considered by the arbitrators. Clearly the disputes or differences to be arbitrated were limited to those arising between the partners, "touching the co-partnership or accounts or transaction thereof, or the dissolution or the construction, meaning or effect of this Agreement * * * or the rights or liabilities of the co-partnership in relation to the premises, * * *."

There is not a word in paragraph 10, supra, from which even an inference can be drawn that it was within the contemplation of the contracting parties at the time the copartnership agreement was executed that they intended the authority of the arbitrators provided for therein should be retroactive so as to invest them with power to arbitrate any matter that transpired before the copartnership relation was created or before the effective date of the copartnership agreement.

The cause of action here is based upon the alleged wrong of defendants occurring before the copartnership relation arose, in making false and fraudulent representations to the plaintiff. It is alleged to have occurred during the negotiating period before the minds of the parties met and that it was an inducement to the execution of the copartnership agreement. Plaintiff alleges that he relied upon said false representations (which is the basis of this cause of action) and relying thereupon parted with $1500 and executed the copartnership agreement.

It follows irresistibly therefore that the provisions for arbitration in paragraph 10 of the copartnership agreement are not broad enough to embrace the issue of fraud here involved and that the court properly denied the motion to dismiss upon the ground stated therein.

■ Defendants assignments of error Nos. II, II(a), III and IV do not conform with the requirements of Rule 12, supra, and the numerous decisions of this court interpreting the same, for the reason that they do not distinctly specify the ground of error relied upon. This being true they are deemed waived. Thornburg v. Frye, 44 Ariz. 282, 36 P.2d 548. Assignments of error which are not sufficiently specific to enable the court to determine the ground on which they are predicated without reference to the argument relative thereto will not be considered. Ollason v. Glasscock, 26 Ariz. 193, 224 P. 284.

■ However, inasmuch as the case was tried in the lower court on the theory of fraud we will consider assignment No. IV which we believe was intended to be based upon the legal ground that the evidence showed that plaintiff did not have the right to rely upon the representations of defendants concerning the cost of a license to en-

gage in the business of contract painting in Arizona.

In the case of Standard Insurance Agency v. Northeast Rapid Transit Co., 40 Ariz. 408, 12 P.2d 777, 780, where stock was purchased in the Northeast Rapid Transit Company upon the alleged false representation of one Menderson that said company was the owner of a certificate of convenience and necessity issued to it by the Arizona Corporation Commission to operate a bus line between the Biltmore Hotel in this county and the city of Phoenix when in fact said certificate was owned by Menderson himself, we held that the purchaser had the right to rely upon said false representation even though an examination of the records of the Arizona Corporation Commission (which would have required but a few minutes time) would have disclosed said representation to be false. The court said in that case:

" * * * The trial court should have instructed the jury, in substance, that Menderson owed a duty to plaintiff to make no false representations of fact in regard to the condition of defendant company as an inducement for it to purchase any stock, and that if he, as president of the corporation, did make false representation of fact in regard to the ownership of the certificate of convenience and necessity, plaintiff was under no obligation to investigate the truth or falsity of such statement, * * *."

In line with what we said in that case it is our view that defendants owed a duty to plaintiff to make no false representation of fact to him in regard to the cost of procuring a license for the proposed partnership to engage in the general contract painting business and the plaintiff was under no obligation to investigate the truth or falsity thereof before parting with his money. The fact that plaintiff learned that the cost of said license was only $15 instead of $1500 after he had given said sum to defendants does not in any way affect defendants' liability for the fraud theretofore practiced on him.

The jury found all of the issues in the case in favor of plaintiff on both the complaint and the cross-complaint. The evidence was in sharp conflict on all the issues. Under such circumstances if there is substantial evidence to support the verdict, we have so often held that such verdict will not be disturbed or set aside, no citations of authority in support of the proposition is deemed necessary.

Assignment No. V is based upon the following language of the court in an instruction given to the jury:

" * * * I instruct you that this action, if it has any basis in law or in fact, is one for false and fraudulent representations by the defendants."

It is claimed that said instruction required the jury to decide a question of law.

The difficulty is that defendants lifted the above language from an instruction of the court which if quoted in full would com-

pletely and fully answer the question presented. The instruction given by the court is as follows:

"On the complaint and the answer concerning the false and fraudulent representations, alleged false and fraudulent representations, I instruct you that this action, if it has any basis in law or in fact, is one for false and fraudulent representations by the defendants.

"Fraud is never presumed, but must be shown by clear and convincing evidence. Fraud, to be actionable, must consist of the following elements; a representation, its falsity, its materiality, the speakers knowledge of its falsity, or ignorance of its truth, his intent that it should be acted upon by the person to whom made, and in the manner reasonably contemplated, the hearer's ignorance of its falsity, his reliance on its truth, his right to rely thereon, and his consequent and proximate injury. If these factors all appear, a cause of action for fraud exists, but if any of the above stated factors have failed of proof by a preponderance of the evidence, then no action for fraud exists.

"If, in these instructions, any rule, direction or idea be stated by the court in varying ways, no emphasis thereon is intended by me and none must be inferred by you. For that reason you are not to single out any certain sentence or any individual point or instruction and ignore the others, but you are to consider all the instructions as a whole and to regard each in the light of all the others."

The court had previously given the following instruction:

"* * * it is your duty as jurors to follow the law as I shall state it to you. On the other hand, it is your province to determine the facts from the evidence, and to consider and weigh the entire evidence for that purpose."

The court clearly outlined to the jury its proper function as a fact finding body and defined the factual elements to be determined by it, and specified the essential facts which it must find in order to justify a verdict for the plaintiff. We have repeatedly held that the instructions of the court must be considered as a whole in determining whether reversible error was committed in giving such instructions. Maryland Casualty Co. v. Sweek, 28 Ariz. 258, 236 P. 720; Arizona Eastern Railroad Co. v. Cox, 27 Ariz. 469, 233 P. 1102. Even standing alone the instruction complained of does not warrant the conclusion drawn by defendants. We find no error in the court's instructions on the question of fraud.

Assignment No. VI complains of the court's instruction that the burden of proof on the cross-complaint was upon defendant cross-complainant Henry B. Chernov upon the ground that plaintiff admitted upon the witness stand that he executed the note in question. The plaintiff did not only

admit upon the witness stand that he executed the note in question, but he admitted its execution in his reply to the cross-complaint, but after doing so he alleged a total failure of consideration therefor.

The court did not mention the defense of a failure of consideration in its instruction to the jury. Failure of consideration is an affirmative defense and the burden is upon one who pleads it to establish such defense by a preponderance of the evidence. It is also the law that where one admits the execution of a note the burden then shifts to the maker thereof to prove by the greater weight of evidence whatever defense he interposes. Grauman Soda Fountain Co., Inc., v. Etter, 41 Ariz. 151, 16 P.2d 417; 8 Am.Jur., Bills & Notes, 585, sec. 993; Miller v. Stringfield, 45 Ariz. 458, 45 P.2d 666.

The court erred in not so instructing the jury but the error under the circumstances is harmless. The undisputed evidence was that the $250 involved in the cross-complaint received by the plaintiff from defendant, Henry B. Chernov, was plaintiff's own money. The jury has found by its verdict that this money was fraudulently procured from plaintiff by the defendants. The evidence further shows that the $250 represented by the note on which the cross-complaint is based was contributed by the plaintiff as his share of the contribution to the assets of the partnership under the terms of the partnership agreement. Insofar as the evidence discloses, it was so used.

Plaintiff in bringing this cause of action allowed credit for said amount and asked only for a return of $1250 of the $1500 fraudulently procured from him by the defendants.

In view of the verdict reached by the jury on the complaint in which it found that the defendants obtained the $1500 from the plaintiff through fraud any other verdict on the cross-complaint than the one returned by the jury, in law could not stand.

The verdict returned by the jury is reasonably supported by the evidence and will not be disturbed. We hold that substantial justice has been done in this case and the error of the court under these circumstances in failing to instruct as to the burden of proof upon an affirmative defense on the cross-complaint does not constitute reversible error.

Judgment affirmed.

UDALL, STANFORD, DE CONCINI, JJ., and JENNINGS, Superior Judge, concur.

Note: Chief Justice LaPrade being ill, the Honorable Renz L. Jennings, Judge of the Superior Court of Maricopa County was called to sit in his stead.