347 P.2d 1012

Keith O. LASSEN, Appellant,

v.

F. R. BENTON, Appellee.

No. 6598.

Supreme Court of Arizona.

Dec. 30, 1959.

Rhodes & Killian, Mesa, and Evans, Kitchel & Jenckes, Phoenix, for appellant.

Snell & Wilmer, and Roger W. Perry, Phoenix, for appellee.

DON T. UDALL, Superior Court Judge.

■ On motion for rehearing defendant contends, inter alia, that as no proof of damages had been offered by plaintiff, we erred in the concluding paragraph of our decision (Lassen v. Benton, Ariz., 346 P.2d 137) by directing that the case be sent back to award damages, if any, against defendant. From a re-examination of the record it appears that this objection is well taken.

■ Complaint is also made that there was no mention in our original decision of the secondary defense of waiver. However, this defense was considered and we now specifically hold there was no waiver of restrictive covenant under the circumstances of this case for it plainly appears that there was no intentional abandonment by the plaintiff of his right to rely on the terms of the contract.

■ As to the claimed divisibility of the restrictive covenants so as to permit defendant to compete with plaintiff in the field of his "large animal" veterinary practice, we do not see how this can be done without the Court rewriting the contract for the parties, incorporating therein its notions as to what should be included. We hold this cannot properly be done as the provisions of the contract are controlling and by its terms it is not divisible.

The concluding paragraph of our decision is changed to read:

"The judgment is reversed with directions to enforce the covenant",

and, as thus modified, the original opinion is in all respects reaffirmed.

PHELPS, C. J., and UDALL, J., concur.

STRUCKMEYER and JOHNSON, Justices.

Justice J. MERCER JOHNSON and I concur in the supplemental opinion on rehearing. We are also convinced that the scope of the original direction for an injunction by this court was too broad in another respect. The burden to establish the necessity for enforcing the restrictive covenant is of course on the plaintiff. An examination of the evidence with this in mind discloses that defendant worked for plaintiff only in his small animal hospital and not in the general practice of veterinary medicine. The plaintiff testified:

"Q. You have testified this was a small animal hospital and that Dr. Benton's work was limited to small animal practices, is that right? A. That's right.

"Q. Actually, the practice of veterinary medicine is much broader than small animals; for example, you were doing large animal practice? A. That is true.

"Q. In addition, are there other branches of veterinary medicine? A. Yes, * * *."

The restrictive covenant provided:

"* * * the Second Party hereby agrees that he will not practice Veterinary Medicine or establish, or work in any small animal hospital within twelve (12) miles of the City Limits of the City of Mesa, Arizona for a period of five (5) years from the date of termination."

That portion of the covenant by which defendant agreed not to practice general veterinary medicine is clearly divisible from that portion by which he agreed that he would not establish or work in any small animal hospital. Since defendant could not gain any advantage in other branches of veterinary medicine by working only in plaintiff's small animal hospital, the covenant restraining defendant from practicing general veterinary medicine is unreasonable and constitutes a restraint on trade. Where an agreement is divisible, only the portion necessary to protect an employer's rights will be enforced. Fullerton Lumber Co. v. Torborg, 270 Wis. 133, 70 N.W.2d 585.