363 P.2d 194

Charles H. DUNLAP and Nancy S. Dunlap,
his wife, Appellants,

v.

FORT MOHAVE FARMS, INC., a corpora-
tion; Robert M. Bonelli and Barbara B.
Bonelli, his wife; Pyramid Land, Inc., a
corporation; and Lane Title and Trust
Company, a corporation, Appellees.

No. 7092.

Supreme Court of Arizona.

En Banc.

June 15, 1961.

Rehearing Denied July 6, 1961.

388

Lewis, Roca, Scoville, Beauchamp & Linton and W. E. Patterson, John P. Frank and Jeremy Butler, Phoenix, Gordon & Gordon, Kingman, for appellants.

Elmer C. Coker, Phoenix, for appellees Fort Mohave Farms, Inc., and Robert M. and Barbara B. Bonelli.

Christy, Kleinman, Peterson & Hoyt, Phoenix, for appellee Pyramid Land, Inc.

JENNINGS, Justice.

This action was brought by Charles H. Dunlap and wife, appellants (hereinafter called plaintiffs), against Fort Mohave Farms, Inc., a corporation, Robert M. Bonelli and wife, and Pyramid Land, Inc., a corporation, appellees (hereinafter called defendants), to enforce the specific performance of a contract for the sale of certain realty situated in Mohave County, Arizona. For a second and alternative cause of action plaintiffs sued for damages. Defendants filed motions to dismiss plaintiffs' amended complaint which were treated as motions for summary judgment by the court. The trial court granted the motions to dismiss and entered judgment in favor of the defendants. From this judgment plaintiffs appeal.

There are two options involved in this litigation. The first was dated December 16, 1958, wherein defendant Fort Mohave Farms, Inc. through the Bonellis, granted to plaintiffs, Charles H. Dunlap and wife, an option to purchase two parcels of real property situated in Mohave County, Arizona, designated as Tract A and Tract B.

Consideration for this option was the consummation of a purchase agreement through Lane Title & Trust Company, Escrow No. 108,048. The pertinent provisions of this option were as follows:

"Tract A: Located in Township 19 North, Range 22 West, G&SRB&M
Parcel No. 1: Section 14 (640 Acres @ $75.00 per Acre).

Parcel No. 2: South half of Section 13 (320 Acres @ $25.00 per Acre).
Total Price: $56,000.00

"Tract B: Located in Township 19 North, Range 22 West, G&SRB&M

Parcel No. 1: Section 23 (520 Acres owned by Fort Mohave Farms @ $75.00 per Acre).

Parcel No. 2: East half of Section 22 (320 Acres @ $75.00 per Acre).

Parcel No. 3: South half of Section 1 (320 Acres @ $25.00 per Acre).
Total Price: $71,000.00

"In Consideration of your entering into a purchase agreement covered by Escrow No. 108,048, Lane Title & Trust Company, on certain lands which we own in the Mohave Valley, Mohave County, Arizona, we hereby grant you an option to purchase the following parcels of land which we hold in the same area. These parcels may be seprately purchased in two pieces, and the lands included and the price thereof is listed as follows:

(Tracts A and B as set forth above)

"The terms of sale during said period shall be twenty-nine per cent (29%)

down, with the balance payable in five (5) equal payments.

"This option shall be considered revoked only in the event that we, as owners, have made a bona fide sale to a third party at the same price and conditions as heretofore set above.

"The term of this option to purchase the two (2) parcels of land shall extend to June 1st, 1959, and shall expire at midnight of that date.

> "Fort Mohave Farms, Incorporated
>
> "By s/ Robert M. Bonelli
> "President

"Attest:
 "s/ Barbara B. Bonelli
 Secretary

"Accepted by:
 "s/ Charles H. Dunlap
 Charles H. Dunlap

 "s/ Charles B. Gardner
 Charles B. Gardner"

On March 9, 1959, plaintiffs exercised their option to purchase Tract A. They did not at that time exercise the option to purchase Tract B, but simultaneously with the exercise of the option to purchase Tract A, plaintiffs demanded a new option to purchase Tract B.

On April 8, 1959, and before closing of escrow in behalf of the purchase of Tract A, defendant Fort Mohave Farms, Inc., act-

ing through the Bonellis, gave plaintiffs an option to purchase Tract B. The consideration, among other things, being the exercise of the option to purchase Tract A under Escrow No. 108, 635 with the Lane Title & Trust Company. The provisions of this second option covering Tract B (April 8, 1959), excluding the description of the land is as follows:

"The total price for the acreage is Seventy-One Thousand Dollars ($71,-000.00).

"The terms of sale shall be twenty-nine per cent (29%) down, with the balance payable in five (5) equal payments. A 40-acre release clause shall be granted on any of the lands in Section 23 and Section 22, and a 10-acre release clause shall be provided for any of the land in Section 1.

"The term of this option shall begin on September 15, 1959, and shall extend to January 30, 1960, and shall expire at midnight on that date.

"Fort Mohave Farms, Incorporated
"By s/ Robert M. Bonelli
"President
"Attest: s/ Barbara B. Bonelli
"Secretary
"Accepted by:
"s/ Charles H. Dunlap
"Charles H. Dunlap"

It is important to note that the original option of December 16, 1958, given to Dunlap and his associate Gardner, was subject to a somewhat unusual provision for termination in that it was expressly provided that the option should be considered revoked if, before it was exercised, the defendant Fort Mohave Farms, Inc., sold to someone else on the same terms as in the option. The second option was the same as the first with the vital distinction that it contained no revocation clause of the sort just described.

Thereafter defendant, Fort Mohave Farms, Inc., acting through Bonellis, entered into escrow agreements May 9, 1959, to sell Tract B in certain parcels to the defendant, Pyramid Land, Inc. On December 15, 1959 the plaintiffs exercised their option to purchase Tract B by notifying Robert M. Bonelli, as president of defendant Mohave Farms, Inc., tendering to him at the same time the initial payment on the purchase price in the sum of $20,590 by cashier's check. Mr. Bonelli, as president of defendant Mohave Farms, Inc., refused to accept or to convey title although plaintiffs offered to pay the entire purchase price.

Prior to defendant Fort Mohave Farms, Inc. entering into the agreement with defendant Pyramid Land, Inc. through its president Robert M. Bonelli, it advised the officers of Pyramid Land, Inc. of the Dunlap contract and fully discussed the matters with the officers of Pyramid Land. Nevertheless, the agreement was consummated.

The trial court in its order of judgment stated as follows:

"From the date of the option, April 8, 1959, up to midnight of September 14, 1959, defendant, Fort Mohave Farms, Inc., could do with these lands as it pleased. So far as the defendants are concerned they could sell them or give them away during that period without any legitimate complaint on the part of the plaintiffs because the sole obligation imposed on defendant Fort Mohave Farms, Inc., by defendants' Exhibit No. 2, was to refrain from disposing of these lands to anyone other than plaintiffs during the option period. Had they not previously sold, then plaintiffs' tender would have been good when it was made on December 15, 1959."

The central issue in this case is the legal effect of the second option agreement, for the trial court concluded that Fort Mohave Farms, Inc., was free to sell to anyone during the period of time from April 8, 1959, to September 14, 1959.

It is a universal rule that an option-giver shall not repudiate or make the performance impossible or more difficult by conveying land to a third person. Braten v. Baker, 78 Wyo. 273, 323 P.2d 929, 325 P.2d 880; 1 Corbin, Contracts, 907. If the option-giver does convey the property to a third person, he will be liable for damages; and the third person, if he has actual or constructive notice of the existence of the option, takes the land subject to the option and may also be liable for damages and an action for specific performance of the contract. Blondell v. Turover, 195 Md. 251, 72 A.2d 697; Fargo v. Wade, 72 Or. 477, 142 P. 830, L.R.A.1915A, 271; Texas Co. v. Aycock, 190 Tenn. 16, 227 S.W. 2d 41, 17 A.L.R.2d 322; 55 Am.Jur., Vendor & Purchaser, Sec. 36.

Apparently the trial court thought that the general rule as to options did not apply in this case because the second option by its terms was exercisable in the future. However, that fact should not alter the general rule. In the case of Connolly v. Des Moines & Central Iowa Railroad Company, 246 Iowa 874, 68 N.W.2d 320, 329, the optionor gave the optionee an option which by its terms was exercisable only in the future. Prior to the time that the option was exercisable, the optionor sold the land to a third party. In deciding that the optionee was entitled to the property, the court quoted with approval the following rule from 66 C.J., Vendor & Purchaser, Sec. 12:

" 'The fact that the owner of land has given another a binding option to purchase the same does not deprive him of the right to convey subject to the option, but the purchaser of the land takes subject to the option, and the holder of the option has such an inter-

est in the land as will protect him against subsequent purchasers from the vendor with notice thereof.'" See also 91 C.J.S. Vendor & Purchaser § 4.

The above rule is not necessarily singular to one peculiar set of circumstances. There are several situations where an option by its terms would be exercised in the future, wherein a grantee takes the land subject to the option. Romund v. Ginzel, Tex.Civ. App., 259 S.W.2d 619; Sinclair Refining Co. v. Clay, D.C., 102 F.Supp. 732, affirmed, 6 Cir., 194 F.2d 532; Elliott v. Delaney, 217 Mo. 14, 116 S.W. 494.

While defendants do not offer any legal authorities to challenge plaintiffs' position that the option-giver's grantee takes the land subject to the option, they do argue that as a matter of interpretation the second option did not prohibit the defendant Fort Mohave Farms, Inc. from conveying the land to defendant Pyramid Land, Inc. free of option. Their position rests on two theories: (1) that the first option remained in effect until June 1, 1959, even though the second option was executed on April 8, 1959, or (2) that the revocation clause in the first option should be read into the second option by implication.

 It is a general rule that a second contract of a later date than an earlier contract which covers the subject matter embraced in the early contract but which at the same time is inconsistent with the former contract will supersede the former contract even though there is no express agreement that the new contract shall have that effect. Decca Records v. Republic Recording Company, 6 Cir., 235 F.2d 360; Winans v. Asbury Park Nat. Bank & Trust Co., 13 N.J.Super. 577, 81 A.2d 33; Ed Hoffman Motors v. G. F. C. Corporation, Tex.Civ.App., 304 S.W.2d 216; In re Klugh's Estate, 362 Pa. 166, 66 A.2d 822. In the instant case the second option does not contain the revocation clause found in the first; furthermore, the second option contains a clause setting forth how the land will be released from the trust of which the defendant Fort Mohave Farms, Inc. group are the beneficiaries. Although the defendant Pyramid Land, Inc. subscribes to theory (2) outlined above, the defendant Fort Mohave Farms group did not make this argument, for in his deposition Mr. Bonelli stated that when he sold the land to defendant Pyramid Land, Inc. he believed that he was operating under the terms of the first option. It is, of course, not the general law that a contract means the same thing after a major clause has been deleted that a similar contract meant before and there is no special exception in this regard concerning the law relating to options. However, it is not for this court to decide whether the two options are inconsistent. That is a fact situation to be determined by the court or jury.

Defendants contend that as the consideration for the second option was the previous entering into a purchase agreement between plaintiffs and defendant Fort Mohave Farms, Inc., the second option must be regarded as having been given for past consideration and therefore is of no effect. While the escrow agreement had been previously entered into, the escrow had not been closed prior to April 8, 1959. Therefore, plaintiffs contend that the purchase agreement had not been completely entered into. Plaintiffs also show that this course of dealings between the parties had been previously followed and was within the clear contemplation and understanding of the parties before the escrow was originally opened. We do not pause over this point because it definitely raises factual matters for the jury to determine and is not open to disposition on summary judgment. A written contract imports a consideration. In re Thomson's Estate, 165 Cal. 290, 131 P. 1045; Francis' Ex'r v. Francis, Ky., 280 S.W.2d 192. The burden of showing a lack or failure of consideration is upon the party attacking it. Chernov v. Sandell, 68 Ariz. 327, 206 P.2d 348; In re Thomson's Estate, supra. See Rule 8(d), Rules of Civil Procedure, 16 A.R.S.

Defendants raised numerous minor points which were not accepted below and which we cannot seriously consider at this time. An obvious question of fact was defendants' contention that the second option was executed by Mr. Bonelli without authority; that it was in violation of the Statute of Frauds, and that the burden was on the plaintiffs to show the alleged authority of the agent and to show that such authority was in writing.

One point is special to defendant Pyramid Land, Inc.,—its contention that it was a bona fide purchaser for value without notice. That the second option was not recorded at date of the purchase by defendant Pyramid Land, Inc., there can be no doubt. However, defendant Pyramid Land, Inc., did have actual notice by virtue of the statements of Bonelli. The depositions show that Bonelli clearly called to the attention of defendant Pyramid Land, Inc. the existence of the Dunlap option. Again the actuality of the notice is necessarily a factual matter. This Court has previously held that the question of actual notice is a factual one for the jury. Davis v. Kleindienst, 64 Ariz. 251, 169 P.2d 78. Since the issue is disputed, summary judgment is improper. Olsen v. Macy, 86 Ariz. 72, 340 P.2d 985; Cress v. Switzer, 61 Ariz. 405, 150 P.2d 86; Rule 56(c), Rules of Civil Procedure.

Defendants also raised the issue of inadequate tender because plaintiff Dunlap did not hand the check to Bonelli. Plaintiff Dunlap took a certified check to Bonelli, showed it to him, and asked Bonelli to come down to the Title Company to close the

**394**

deal. The offer was rejected since Bonelli had previously undertaken to sell the property to defendant Pyramid Land, Inc. That the check was not thrust into Bonelli's hand does not defeat the adequacy of the tender in this instance. The law requires that good faith tender be made but it does not require the placing of a check in a man's hand when the entire effect would be wholly nugatory. Shreeve v. Greer, 65 Ariz. 35, 173 P.2d 641.

Judgment of the trial court is reversed with directions to reinstate the complaint.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.