420 P.2d 273

**HITCHING POST LODGE, INC.,**
a corporation, Appellant,

v.

**Frank C. KERWIN and Rita Kerwin,**
Appellees.

**No. 7892–PR.**

Supreme Court of Arizona.

In Banc.

Nov. 17, 1966.

John E. Madden, John S. Schaper, Phoenix, for appellant.

Richard F. Harless, Phoenix, Paul D. McCormick, Los Angeles, Cal., by Richard F. Harless, Phoenix, for appellees.

McFARLAND, Justice.

Frank C. Kerwin and Rita Kerwin, hereinafter referred to as plaintiffs, brought suit to collect $20,000 from Hitching Post Lodge, Inc., hereinafter referred to as defendant. The case was tried by the court without a jury. At the close of all evidence, judgment was entered for plaintiffs. From this judgment, and the lower court's refusal to grant defendant's motion for judgment or for a new trial, an appeal was taken. Plaintiffs filed a cross-appeal attacking the denial of plaintiffs' motion to amend the complaint to conform with the proof. The Court of Appeals reversed the lower court, and remanded the cause for a new trial. Hitching Post Lodge, Inc. v. Kerwin, 3 Ariz.App. 94, 412 P.2d 91. From this decision we granted review. The decision of the Court of Appeals is vacated.

Plaintiffs' complaint set forth three alternative causes of action. The first cause of action is based on a check for $20,000, payable to plaintiffs, and signed by Ray C. Gilliland. The second cause of action is based on an account stated, and the third

cause of action is based upon an open account. Each cause of action seeks to recover from defendant the sum of $20,000.

The lower court granted judgment for plaintiffs, and against defendant, on count one of plaintiffs' complaint. Plaintiffs submitted to the lower court a judgment in favor of plaintiffs and against defendant in the sum of $20,000, plus interest at the rate of six per cent per annum from July 18, 1956 (the date of the issuance of the check in question), until paid. Defendant objected to the form of this judgment on the basis that it allowed interest from a date earlier than that of judgment. The lower court refused to sign the judgment as so submitted, and directed the preparation of a judgment which allowed interest only from the date of judgment. This order was complied with by plaintiffs, but plaintiffs filed a motion to amend complaint after order for judgment. This motion was denied by the lower court.

The facts out of which the present action arose are as follows:

Plaintiffs and Ray C. Gilliland had been acquainted for approximately thirty years, and had been involved in business transactions during most of those years. On or about July 18, 1956, Ray C. Gilliland gave plaintiffs a check payable to them for $20,000. This check was drawn on the corporate account of defendant, Hitching Post Lodge, Inc., an Arizona corporation, and was signed "Ray C. Gilliland." When the check in question was given to plaintiffs, Gilliland requested that it not be presented for payment at that time because there were insufficient funds to cover it. Plaintiffs surrendered to Gilliland an envelope containing evidence and notations of all of Mr. Gilliland's indebtedness to them. This indebtedness amounted to over $20,000. Ray C. Gilliland died on January 30, 1957, and the check had never been presented for payment.

The articles of incorporation of defendant were issued in September of 1955. Initially, one hundred shares of defendant's stock were issued to Ray C. Gilliland, one hundred shares to Elsinore C. Machris Gilliland, fifty shares to Clyde Williams, one share to L. M. Williams, and one share to C. T. Carpenter. On November 3, 1955, all shareholders, with the exception of the Gillilands, filed disclaimers which form part of the corporate records. The stock certificate issued to Mrs. Gilliland was endorsed by her to Ray C. Gilliland on July 12, 1956. On July 18, 1956, at the time the check in question was given to plaintiffs, Ray C. Gilliland was the only stockholder in defendant corporation.

The substance of the testimony is that Ray C. Gilliland "enjoyed the good life," and was a "big spender." During his thirty years' acquaintance with plaintiffs he often became indebted to them, and when his financial situation improved he would reimburse them. During the 1950's plaintiffs lent Gilliland money on notes, picked up food and drink tabs resulting from both business and personal entertaining, and managed defendant corporation for some months while Gilliland was ill. Plaintiffs also incurred expenses negotiating real estate deals for Gilliland, attempting to find a buyer for the defendant, traveling to win back Gilliland's wife's affections, and a number of other services. There was no evidence of the value of any of these services.

A complete review of the record reveals that Ray C. Gilliland owed plaintiffs over $20,000, and that they made a compromise agreement to accept the check for $20,000. Plaintiffs admitted that all of the services and expenses from which the obligation arose were rendered to Ray C. Gilliland. The question then is whether they were rendered to him in his capacity of representing defendant, or for his own personal benefit. In a situation where a person is the sole stockholder, and the only individual actively working for a corporation, it is only natural that all services performed and expenses advanced to a corporation would be to an indvidual who was the president and the sole stockholder. The record clearly shows that it is impossible to deter-

mine on the evidence submitted just what portion of the services rendered by plaintiffs was for Ray C. Gilliland's personal benefit and what portion was for defendant's benefit.

Plaintiff Frank Kerwin testified:

"A    I saw him in Scottsdale, Arizona. I saw him at the Hitching Post Lodge.

"Q    Did you work for him during that year, during that—

"A    I did.

"Q    Where?

"A    At the Hitching Post Lodge.

"Q    In Scottsdale?

"A    Both my wife and myself.

"Q    Over what period of time?

"A    Well, I worked there for several months and then I was back and forth on many occasions in connection with the Hitching Post Lodge.

\*      \*      \*      \*      \*      \*

"Q    Let's do it this way: Did you do anything for the receipt of this check?

\*      \*      \*      \*      \*      \*

"THE WITNESS: Yes.

"Q    What did you do?

"A    Well, my wife and I managed the motel there for Mr. Gilliland during the period of that time prior to the time that the check was presented to us.

"Q    Did you give up anything?

"A    Yes.

"Q    What did you give up?

"A    I gave up an envelope that contained all of Mr. Gilliland's indebtedness to my wife and myself.

"Q    How much did that indebtedness amount to?

"A    It amounted to over $20,000.

"Q    Mr. Kerwin, did you receive the check as a result of the personal indebtedness of Ray Gilliland to you?

"A    I did not.

\*      \*      \*      \*      \*      \*

"Q    Mr. Kerwin, is it true that this check, Plaintiffs' Exhibit 5, was given

you by the Hitching Post Lodge for the personal indebtedness of Ray Gilliland to you; is that true?

"A    No, sir."

The record reveals uncontradicted evidence of plaintiffs' services to the corporation. There is uncontradicted evidence that the total indebtedness was over $20,000, and was settled by a compromise agreement resulting in defendant's check for $20,000. Defendant relied solely on the cross-examination of Frank Kerwin in presenting its case, claiming that there are conflicts in his testimony. The trial judge as the finder of fact had the opportunity to observe the witness, and is better able to pass upon his credibility.

In Kellogg v. Bowen, 85 Ariz. 304, 337 P.2d 628, this court stated:

"This court has repeatedly laid down the rule that where the evidence is in conflict we will not substitute our opinion thereof for that of the trial court; and that the evidence will be taken in the strongest manner in favor of the appellee, and if there is any reasonable evidence to support the judgment of the lower court it will be sustained. Sturges v. Tongeland, 83 Ariz. 148, 317 P.2d 941; Church v. Meredith, 83 Ariz. 377, 321 P.2d 1035; Kauffroath v. Wilbur, 66 Ariz. 152, 185 P.2d 522; Viliborghi v. Prescott School Dist. No. 1, 55 Ariz. 230, 100 P.2d 178.

\*      \*      \*      \*      \*      \*

" \* \* \* No findings of fact having been requested or made, we must presume the trial court found every controverted issue of fact necessary to sustain the judgment, providing there was evidence in the record to support the same. \* \* \* " 85 Ariz. at 309, 337 P.2d at 631.

In the recent case of In re Estate of Milliman, 101 Ariz. 54, 415 P.2d 877, this court held:

" \* \* \* We have often stated that this court will sustain a judgment on appeal if it can be sustained upon any theory which is within the issues and supported by the evidence. Phelps Dodge Corp.,

Morenci Br. v. Industrial Commission, 90 Ariz. 379, 368 P.2d 450; Mountain States Construction Company v. Riley, 88 Ariz. 335, 356 P.2d 648; Odom v. First National Bank of Arizona, 85 Ariz. 238, 336 P.2d 141. * * *" 101 Ariz. at 59, 415 P.2d at 882.

■ Defendant contends there was a showing of a failure of consideration for the check. 16 A.R.S. rule 8(d) lists the failure of consideration "as an affirmative defense." Affirmative defenses must be plead and proved by defendant. New York Life Ins. Co. v. Rogers, 9 Cir., 126 F.2d 784. The "failure of consideration" is an affirmative defense—it is not merely a presumption which disappears when evidence to the contrary is introduced—but defendant must prove this "failure." Dunlap v. Fort Mohave Farms, Inc., 89 Ariz. 387, 363 P.2d 194; Chernov v. Sandell, 68 Ariz. 327, 206 P.2d 348.

■ Defendant had the burden of proof on the issue of "consideration," and it did not submit any affirmative evidence (such as the receipts turned over to Gilliland as consideration for the check). In accord with Kellogg v. Bowen, supra, we must presume the trial court found that defendant had failed to meet its burden of proof on the controverted issue of "consideration." The trial court cannot be properly overruled unless the evidence of the failure of consideration is so strong that the reviewing court finds that defendant proved a "failure of consideration" by such a preponderance of the evidence that it was no longer a question of fact. That was certainly not the case under this record. Had the lower court found there was some consideration given to Gilliland in his individual capacity, this alone does not preclude the existence of a $20,000 consideration to defendant because the evidence is uncontradicted that the total indebtedness was well over the $20,000 compromise figure.

The second question presented for review concerns plaintiffs' cross-appeal. The lower court gave a verdict for plaintiffs, and they submitted a proposed form of judgment which granted damages of $20,000 for the check, plus interest from the date of its issuance. This proposed judgment was contested on the interest issue and the lower court refused to sign it. Plaintiffs made a 16 A.R.S. rule 15(b) motion to amend their pleadings to conform to the proof, claiming that the mere introduction of the check into evidence with a July 18, 1956, date of issuance on it was sufficient to establish that he was entitled to interest from that date rather than the date of judgment.

■ A.R.S. § 44–585 provides that "a check is a bill of exchange drawn on a bank payable on demand." Interest on a debt payable on demand runs from the time of demand, and not before. Cochise Hotels v. Douglas Hotel Operating Co., 83 Ariz. 40, 316 P.2d 290; Palmcroft Development Co. v. City of Phoenix, 46 Ariz. 200, 400, 49 P.2d 626, 51 P.2d 921; Atlantic Commercial Co., a corporation, v. Noe, et al., 47 Ariz. 123, 53 P.2d 1088.

■ The record does not reveal a date upon which demand was made upon the bank for payment. The court therefore did not abuse its discretion in denying plaintiffs' motion to amend the complaint to conform to the proof. A check is a demand instrument (A.R.S. § 44–585), and before there is any liability for interest there must be damages for detention of money because the check was dishonored.

■ There is no evidence concerning the issue of prejudgment interest in the record, and there is nothing to show that this issue was ever tried by either the express or implied consent of the parties. This court stated in Leigh v. Schwartz, 74 Ariz. 108, 245 P.2d 262, that this type of amendment should be liberally allowed, and it is within the discretion of the trial court. It certainly is *not* an abuse of discretion for the trial court to deny a party a 16 A.R.S rule 15(b) motion where the motion seeks to add an issue when the record is completely barren of any showing that the issue in question was ever tried.

The decision of the Court of Appeals is vacated, and the judgment of the superior court is affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and LOCKWOOD, JJ., concur.