492 P.2d 39

**LESSNER DENTAL LABORATORIES, INC.,**
an Arizona Corporation, Appellant,

v.

**Judith KIDNEY et al., Appellees.**

**No. 2 CA–CIV 1018.**

Court of Appeals of Arizona,
Division 2.

Dec. 30, 1971.

Lesher & Scruggs by James M. Sakrison, Tucson, for appellant.

Somers & Arnold by Jack T. Arnold, Tucson, for appellees.

HATHAWAY, Judge.

This is an action by the plaintiff-appellant to restrain the defendants-appellees from violating the restrictive covenant against competition of an employment contract entered into between defendant Judith Kidney and the plaintiff. The Superior Court, Honorable Judge Robert O. Royl-

ston, considered the contract and the testimony taken at the hearing on the Order to Show Cause. Defendants' motion for dismissal, objected to by plaintiff, was granted on the finding of law that the contract was unenforceable for the following reasons:

"1. The contract is unreasonably restrictive on the rights of the employee.

2. The contract is unreasonably limited in time.

3. The contract does not show sufficient consideration on its face.

4. Employment as 'dental technician' in the 'repair, adjustment, creation, manufacturing and/or sale of dental prosthetics and related devices' in Pima County is not within the nature of business intended by the courts to be protected in noncompetition agreements by injunctive relief."

On June 1, 1968, the contract in question was entered into by plaintiff Lessner Dental Laboratories, Inc. (hereinafter Lessner) and defendant Judith Kidney (hereinafter Kidney). Under the contract, employee Kidney agreed that for a two-year period after termination of her employment she would not directly engage in the repair, adjustment, creation, manufacture or sale of dental prosthetics and related devices, nor act in any such business within Pima County. And during such two-year period the employee would not divulge any of the knowledge disclosed by the employer regarding techniques or formulas nor disclose names of customers or client lists. The contract further specified that in the event of a breach by the employee, the employer would be entitled to an injunction in addition to the right to recover damages. In consideration for the employee's so agreeing, the employer agreed to continue the employee in his employ "so long as the Employee [shall] faithfully and properly perform all the duties and tasks of [her] position as a *Dental Technician* [and abide by terms of this agreement.]" The employee was to be paid $110 per week "and such further in-

creases as may be mutually agreed to by the Employer and the Employee." The contract further provides that nothing requires the employee to remain in the employ of the Employer or the Employer to "retain the Employee if, in his sole judgment, conditions or circumstances do not warrant or require the continued employment of the employee."

Our job of review has been made easier by the trial court's clear delineation of its reasons for finding the contract unenforceable. Two basic issues are raised: (1) The sufficiency of consideration for the contract, and (2) the reasonableness of the restrictive covenants.

## CONSIDERATION

With regard to the finding that "the contract does not show sufficient consideration on its face" we disagree for the following reasons. A.R.S. § 44–121 states that "Every contract in writing imports a consideration." Dunlap v. Fort Mohave Farms, Inc., 89 Ariz. 387, 363 P.2d 194 (1961). The burden of showing a lack or failure of consideration is upon the party attacking it. Hitching Post Lodge, Inc. v. Kerwin, 101 Ariz. 402, 420 P.2d 273 (1966); Brand v. Elledge, 101 Ariz. 352, 419 P.2d 531 (1966); Dunlap, supra; Chernov v. Sandell, 68 Ariz. 327, 206 P.2d 348 (1949). See Rule 8(d), Rules of Civil Procedure, 16 A.R.S., providing for failure of consideration as an affirmative defense. It is also a general rule that a promise for a promise is adequate consideration. Tucson Federal Savings and Loan Ass'n v. Aetna Investment Corp., 74 Ariz. 163, 245 P.2d 423 (1952); Gertz v. Selin, 11 Ariz.App. 495, 466 P.2d 46 (1970); 17 C.J.S. Contracts § 97; 17 Am.Jur.2d, Contracts § 104. Because the contract here in question contains mutual promises and is in writing, we have no difficulty in finding adequate consideration on its face.

## RESTRICTIVE COVENANTS

The test of validity of restrictive covenants is one of reasonableness. A contract wherein the employee agrees that following termination of employment he

will not engage in a competitive business within a reasonably limited time and space is valid and enforceable if the restraint is not: (1) beyond that reasonably necessary for the protection of the employer's business; (2) unreasonably restrictive upon the rights of the employee; and (3) in contravention of public policy. Titus v. Superior Court, Maricopa County, 91 Ariz. 18, 368 P.2d 874 (1962); Lassen v. Benton, 86 Ariz. 323, 346 P.2d 137 (1959), opinion modified at 87 Ariz. 72, 347 P.2d 1012 (1959); Wright v. Palmer, 11 Ariz.App. 292, 464 P.2d 363 (1970); American Credit Bureau, Inc. v. Carter, 11 Ariz.App. 145, 462 P.2d 838 (1969). *See also*, Restatement of Contracts §§ 513–515 (1932).

In support of the reasonableness of the restrictive covenants here in question, appellant directs the court's attention to three Arizona cases and a Colorado case, all of which we find enough different in their circumstances as to be of little persuasion here. The key to each of these cases is the *unfair competition* prohibited.

Titus v. Superior Court, Maricopa County, supra, upheld a covenant by the employee disc jockey not to become employed by or associated with, in any capacity, any radio station within 50 miles of Phoenix for the period of one (1) year from the date of termination of employment.

Lassen v. Benton, supra, held that a restrictive covenant whereby employee veterinarian would not practice veterinary medicine or work in a small animal hospital within 12 miles of the Mesa city limits for five years was not contrary to public policy and would not unreasonably restrict employee's rights.

Henderson v. Jacobs, 73 Ariz. 195, 239 P.2d 1082 (1952), upheld a covenant not to compete by the *seller* of a plumbing business who agreed not to engage in the plumbing business in the Wickenburg area for a period of five years.

In Zeff, Farrington & Associates, Inc. v. Farrington, 168 Colo. 48, 449 P.2d 813 (1969), the Colorado Supreme Court upheld a provision that employee would not

engage in the practice of soil and foundation engineering for a period of three years within a 200-mile radius of Denver. The defendant employee was represented by his attorney when he entered into the contract and the covenant contains an express recital that the parties agree that the restrictive covenant is reasonable as to both time and area because of the nature of plaintiff's business.

In each of the above cases, in considering the nature of the employment, the radius of competition, and the time limit, the restrictions were reasonable under the circumstances to prevent *unfair competition*.

■■ Appellant argues that the nature of the employment as a dental technician involves "trade secrets" which add to the reasonableness of the contract before this court. While we agree that a covenant prohibiting the disclosure of trade secrets or secret processes of an employer is not a restraint of trade and is valid and enforceable, 42 Am.Jur.2d., Injunctions § 115, 54 Am.Jur.2d, Monopolies § 561, we disagree with the characterization of techniques learned as a dental technician as "trade secrets" or "secret processes." The transcript of the hearing before the lower court on the Order to Show Cause fails to offer any support for the secrecy of any of the processes which defendant Kidney learned while working for the plaintiff. The finished product from plaintiff's lab is apparently little different from that produced by any one of the several other labs in Tucson. Plaintiff does hold franchises for two products which are unavailable to other labs in Tucson, but the other labs have similar products from other companies. According to Mr. Lessner's testimony, he teaches his laboratory technicians an art: "how to hold the spatula" and how to "flow the wax," when to use an eyedropper with the wax instead of tweezers, etc. But when questioned, Mr. Lessner was unable to reveal any "trade secrets" or any processes which he uses which were unknown or unavailable to other laboratories.

We also find it difficult to believe that defendant Kidney is such an artisan that plaintiff's clients are going to follow defendant wherever she may be employed.

While we are unable to find any cases of covenants restricting competition of dental technicians, we think the recent case of Wright v. Palmer, 11 Ariz.App. 292, 464 P.2d 363 (1970), to be more closely analogous to the circumstances presently before us. The court there held:

"... that the general knowledge of the printing business and customers acquired by plaintiff as the long-time manager of Palmer Printing Company in Phoenix, Arizona, is not a 'trade secret', the use of which would give rise to a claim by the defendant for unfair competition." 11 Ariz.App. at 296, 464 P.2d at 367.

We are impressed, as the court was there, with the reasoning of the Maine Supreme Court in Roy v. Bolduc, 140 Me. 103, 34 A.2d 479, 149 A.L.R. 630 (1943):

"... while an employer, under a proper restrictive agreement, can prevent a former employee from using his trade or business secrets, and other confidential knowledge gained in the course of the employment, and from enticing away old customers, he has no right to unnecessarily interfere with the employee's following any trade or calling for which he is fitted and from which he may earn his livelihood and *he cannot preclude him from exercising the skill and general knowledge he has acquired or increased through experience or even instructions while in the employment.* Public policy prohibits such undue restrictions upon an employee's liberty of action in his trade or calling." (Citations omitted) (Emphasis added) 34 A.2d at 480–481.

The reasoning of the Wyoming Supreme Court in Ridley v. Krout, 63 Wyo. 252, 180 P.2d 124 (1947) also seems appropriate. There, the court concluded that the knowledge gained by the employee mechanic while employed in plaintiff's repair shop did not constitute "trade secrets."

"In every case where the plaintiff seeks protection for a trade secret, it must appear that it really is a secret. If a so-called secret process is known to others in the trade, no one will be enjoined from disclosing or using it.

\* \* \* \* \* \*

"Trade secrets may not be construed as consisting of knowledge and efficiency which the defendant obtained or procured through his experience. (Citation omitted)

\* \* \* \* \* \*

An employer cannot by contract prevent his employee from using the skill and intelligence acquired or increased and improved through experience or through instruction received in the course of the employment, for it becomes part of the employee's personal equipment as distinguished from trade secrets, special influence with customers or confidential information acquired during the course of the employment." 180 P.2d at 130–131.

■ In evaluating the restrictive covenants in the contract before us, we find them unreasonable in several respects. The restrictions are clearly beyond that necessary to protect the employer even if there were "trade secrets" to be protected. It is unreasonable to the employee who would be prevented from using her skill and general knowledge in this occupation for a period of two years in the area of Pima County. Such a restriction we find clearly in contravention of public policy

For the foregoing reasons, we agree with the trial court that the contract is most unreasonable and the action was properly dismissed.

Affirmed.

HOWARD, J., and LLOYD FERNANDEZ, Superior Court Judge, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LLOYD FERNANDEZ was called to sit in his stead and participate in the determination of this decision.