610 P.2d 483

TRULY NOLEN EXTERMINATING, INC., an Arizona Corporation, Plaintiff-Appellant,

v.

Al BLACKWELL and Nancy Blackwell, husband and wife, Defendants-Appellees.

No. 2 CA–CIV 3418.

Court of Appeals of Arizona, Division 2.

April 22, 1980.

Mesch, Marquez, Clark & Rothschild, P. C. by Tom R. Clark, Tucson, for plaintiff-appellant.

Feldman, Wolin & Mendelsohn, P. C. by Marvin Wolin, Tucson, for defendants-appellees.

OPINION

HATHAWAY, Chief Judge.

Appellant, Truly Nolen, brought suit against appellee, Al Blackwell, a former employee, for breach of a non-competition clause in an employment contract and for enforcement of a $5,000 liquidated damages clause. Truly Nolen appeals from the judgment entered against it after trial to the court sitting without a jury.

On appeal, appellant raises two questions: (1) Was a valid employment contract entered into and breached? (2) Was the liquidated damages clause valid? We affirm on the basis of the first question and do not address the second.

As we stated in *Lessner Dental Laboratories, Inc. v. Kidney*, 16 Ariz.App. 159, 492 P.2d 39 (1971):

"The test of validity of restrictive covenants is one of reasonableness. A contract wherein the employee agrees that following termination of employment he will not engage in a competitive business within a reasonably limited time and space is valid and enforceable if the restraint is not: (1) beyond that reasonably necessary for the protection of the employer's business; (2) unreasonably restrictive upon the rights of the employee; and (3) in contravention of public policy. *Titus v. Superior Court, Maricopa County*, 91 Ariz. 18, 368 P.2d 874 (1962); . . ."

16 Ariz.App. at 160, 161, 492 P.2d at 40–41.

Among the trial court's findings were that the appellee:

"[W]ent to work with Plaintiff, Truly Nolen, in December, 1972, and signed a contract, he believes, which contains provisos not to compete in the metropolitan area of Tucson for a 2-year period otherwise liquidated damages may be assessed against him for the breach in the amount of $5,000.00.

The Defendant started work with a competitor, University Pest Control, within a couple of weeks after he discontinued his employment with Truly Nolen in August, 1977.

There are approximately 55 termite companies in the Tucson area.

There did not appear from the evidence to be anything unique about Plaintiff's business. The proof of any damages suffered by Truly Nolen, as a result of the Defendant going to work for a competitor, was extremely weak and based upon possibilities.

There was no showing of actual or determinable loss to Plaintiff by Defendant going to work for a competitor.

It seems further to the Court, that the amount of provided damages, $5,000.00, is disproportionate to any breach of the contract by the Defendant. (See Dobbs-Remedies, Sec. 12.5, pp. 821–823)."

■ Appellant argues that appellee, over the five-year employment period, acquired information relating to customer accounts, pricing criteria and other knowledge which justified it in restraining appellee's ability to obtain employment elsewhere. However, this argument assumes that we can look at the agreement as gradually becoming "reasonable" while the employee acquires this information. This we cannot do.

Appellee obtained work as a salesman at the time he entered into the contract at a guaranteed salary of $100 a month. His job was to solicit accounts for appellant. At the time of contracting, appellant had no justifiable interest to protect. As we did in *Lessner*, supra, we evaluate the restrictive covenant's reasonableness against what is necessary to protect the employer. We find it was unreasonable for appellant to have attempted to prevent appellee from using the skill and general knowledge acquired as a salesman for a pest control company under the circumstances of this case. The court found that there was nothing unique about appellant's business, that approximately 55 other such companies operate in the Tucson area and that there was no showing that appellant suffered any economic loss by appellee's going to work for a competitor.

Appellant's witness, Mr. Hartley, testified that he had signed updated restrictive covenants during his course of employment, presumably reflecting his increased responsibilities with the firm. This was not the case with appellee and we are not called upon to decide whether a contract entered into by him after becoming a "key employee" would have been reasonable.

The covenant entered into by appellee, at the time it was entered, was unnecessary to protect appellant's business and was clearly in contravention of public policy and void. It is therefore unnecessary to discuss the liquidated damages issue.

Affirmed.

HOWARD and RICHMOND, JJ., concur.