466 P.2d 46

Mosie N. GERTZ and Bessie A. Gertz, his wife, Appellants,

v.

David Earl SELIN and Beatrice Selin, his wife; and Marvin Selin and Harriet Jane Selin, his wife, Appellees.

No. 1 CA–CIV 1088.

Court of Appeals of Arizona, Division 1, Department B.

March 2, 1970.

Rehearing Denied March 24, 1970.
Review Denied April 14, 1970.

---

2. At the time of oral argument, plaintiff's counsel so conceded.

Raineri, Raineri & Raineri, by Anthony J. Raineri, Phoenix, for appellants.

Philip T. Goldstein, Phoenix, for appellees.

JACOBSON, Judge.

A belated, albeit novel, attempt to set up *jus tertii* is presented in this appeal from the Superior Court of Maricopa County.

As of the latter part of May, 1960, the defendants-appellants MOSIE N. GERTZ and BESSIE A. GERTZ, his wife, were the record owners of the entire Second Beneficial Interest in a trust having as its corpus the real estate involved in this appeal. On June 1, 1960, the plaintiffs-appellees, DAVID EARL SELIN and BEATRICE SELIN, his wife, and MARVIN SELIN and HARRIET JANE SELIN, his wife, entered into an agreement with the defendants for the purchase of a one-third undivided interest of this Second Beneficial Interest for $147,200.00. The plaintiffs made a down payment and executed a note in favor of the defendants for the unpaid balance, secured by plaintiffs' collateral assignment of their one-third undivided interest in the trust. Under the terms of the promissory note, plaintiffs were to make annual payments of $10,000, plus interest, to the defendants.

On June 6, 1963, the plaintiffs and defendants entered into a written agreement

wherein defendants agreed to cancel the promissory note and return it to plaintiffs and plaintiffs agreed to reconvey to defendants the one-third beneficial interest previously conveyed to them. The defendants also agreed to execute in favor of plaintiffs a collateral assignment of the entire beneficial interest in the trust to secure the repayment of plaintiffs' then cash investment plus any future advances for the benefit of the defendants that might be made by plaintiffs under the terms of this second agreement. The defendants further agreed to pay plaintiffs a portion of the sale price on each acre of the trust res the defendants might subsequently sell until the plaintiffs were repaid in full. If plaintiffs were not repaid in full within three years from the date of the agreement, they had the right to sell the trust res without restriction and retain the proceeds up to the full amount due them.

Plaintiffs, in addition to agreeing to reconvey their one-third undivided interest in the trust to the defendants, also agreed to pay to the title company-trustee certain annual obligations of the defendants on the trust res up to the sum of $24,000.00.

All the parties to the agreement mutually covenanted to execute whatever documents the title company-trustee required to consummate their agreement.

Ultimately, the defendants reneged and refused to execute the documents necessary to carry the foregoing agreement into effect. The plaintiffs brought the present action for specific performance and the trial court, after making findings of fact and conclusions of law, entered a judgment in favor of plaintiffs. This appeal followed.

It would appear that defendants' appeal is grounded on three contentions:

(1) That the court's finding of fact that the defendants were the owners of the entire Second Beneficial Interest in the trust at the time of the origi-

nal sale to plaintiffs was error and not substantiated by the evidence.

(2) That, inasmuch as defendants were not the real owners of the beneficial interest in the trust, the court's conclusion of law that it had jurisdiction of the subject matter was error.

(3) That regardless of whether or not defendants were the owners of the beneficial interest, the June 6, 1963, agreement was void for want of consideration.

Defendants' first two contentions are based on rather brief oral testimony at the trial from which it is possible to infer that an unrecorded agreement existed between defendants Gertz and one Joseph C. Raineri, Sr., indicating that the latter was the owner of the Second Beneficial Interest in the trust. We conclude, however, that defendants are precluded from raising these issues on appeal because of what occurred in the trial court.

Shortly before the trial to the court the plaintiffs and defendants filed their joint Pretrial Statement pursuant to Rule 16(c), Rules Relating to Maricopa County, Uniform Rules of Practice of the Superior Court, 17 A.R.S. (Supp. 1969–70). One of the "Uncontested Facts Deemed Material" in the Pretrial Statement was:

"That as of June, 1960, defendants Gertz were the owners and holders of the entire Second Beneficial Interest in and to Trust 2018." [1]

This stipulated fact is incorporated verbatim into the court's findings of fact and is one of two findings of fact dealing with ownership of the Second Beneficial Interest which defendants now contend are not sustained by the evidence. The second finding of fact to which defendants object is also an incorporation of facts stipulated to in the Pretrial Statement. Moreover, the uncontested facts in the Pretrial Statement and the court's findings of fact based thereon, which defendants now question, conform to the Complaint and the Answer

---

1. Trust 2018 is the trust involved in this appeal.

and are sustained by all the documents introduced into evidence at the trial.

The first time that the defendants attempted to raise the materiality of the purported agreement between defendants and Raineri and, through it, the true beneficial ownership of the trust res is in post-trial motions made after the minute entry of judgment.

■ The stipulations contained in a Pretrial Statement are binding on the parties, Rule 16(c), Uniform Rules of Superior Court Practice, supra, and the Pretrial Statement when submitted controls the subsequent course of the action unless modified at trial to prevent manifest injustice. See Rule 16(a), Rules of Civil Procedure, 16 A.R.S. (1956). No motion to modify was ever made nor are there any elements of "manifest injustice" present which would have required the granting of such a motion had one been made.

One further comment should be made concerning defendants' contention that the trial court lacked subject matter jurisdiction.

■ At no time prior to or during the proceedings did defendants move to dismiss for failure to join an indispensable party. Mr. Raineri, although apparently aware of the present litigation, never moved to intervene, nor were Mr. Raineri's rights asserted at the trial. Moreover, the defendants expressly deny any agency relationship between themselves and Mr. Raineri. Yet on appeal defendants assert that since the record owners are not the real owners of the beneficial interest and since the real owner is not a party and, further, since the judgment entered would *affect* a property interest of this third person, the court lacked jurisdiction (power) to specifically enforce a contract between the plaintiffs and the owners of record of the property interest in question.

Not only are the rights of the third person not properly before us but, more importantly, the judgment in the lower court runs only against the named defendants—the Gertz—and in no way purports to be binding on any other person not named or served as a party. The fact that implementation of the judgment *affects* another's interests is immaterial to this appeal and is the subject matter of a separate lawsuit. The issue of whether this decision will bar, or constitute an estoppel to, a subsequent lawsuit is not before us and we make no decision thereon.

■ In their final argument, defendants dispute the court's conclusion of law that valid consideration exists to support specific enforcement of the June 6, 1963, agreement. It is defendants' contention that plaintiffs offered no new consideration for defendants' promises but rather promised to do only what they were already obligated to do under a prior contract. However, defendants misconstrue the terms of the agreement. At the time the parties executed the agreement of June 6, 1963, plaintiffs owned a one-third interest in the Second Beneficial Interest of the trust and had over \$75,000 in equity therein. Under the June 6 agreement the plaintiffs consented to deed their one-third interest to the defendants. This, in itself would be sufficient consideration to support a contract of rescission. 17 C.J.S. Contracts §§ 74 and 76 (1963).

■ In addition to this promise, plaintiffs also covenanted to make payments to a title company, on obligations of the defendant, up to \$24,000 thereby binding themselves to a third party beneficiary contract. The fact that these payments to a third person were really in the nature of a loan for the benefit of defendants or that the annual amounts of these payments were less than the annual amounts due under the original purchase contract in no way affects the fact that they are new, separate and distinct obligations of the plaintiffs.

The June 6, 1963, agreement is, in effect, a new promise for a new promise and as a matter of law these mutual promises constitute valid consideration. Tucson Federal Savings & Loan Association v. Aetna

Investment Corp., 74 Ariz. 163, 245 P.2d 423 (1952).

On the basis of the pleadings and evidence before it, the trial court correctly concluded that the defendants were the owners of the Second Beneficial Interest of the trust, and that the agreement in question was supported by valid consideration. We therefore hold that the court had jurisdiction and that the judgment ordering specific performance of the June 6, 1963 agreement was proper.

Judgment affirmed.

EUBANK, P. J., and HAIRE, J., concur.