544 P.2d 1077

**Mosle N. GERTZ and Bessie A. Gertz, his wife, and Joseph C. Raineri, Sr., Appellants,**

**v.**

**Harriet Jane SELIN and David Earl Selin, Appellees.**

**No. 11700.**

Supreme Court of Arizona,
In Division.

Jan. 27, 1976.

Anthony J. Raineri, Phoenix, for appellants Gertz.

Joseph C. Raineri, Jr. and Joseph C. Raineri, Sr., Scottsdale, for appellant Raineri.

Philip T. Goldstein, Phoenix, for appellees.

HOLOHAN, Justice.

This case is an appeal from a judgment foreclosing a collateral assignment of the beneficial interest in a trust of real property.

In 1960, appellants Gertz sold to appellees Selin a one-third undivided beneficial interest in the real property trust in issue.

Selins were advised by Gertz that the interest purchased was owned by Raineri, but that Gertz would conduct all negotiations since he was empowered to sell the interest. Raineri, for personal reasons, did not show his ownership in the records of the trust, and he agreed with Gertz that Gertz alone would appear as the sole owner of the second beneficial interest. Raineri was aware that the trust instrument empowered Gertz alone to deal with the property of the trust, and the records of the trust did not reflect any interest of Raineri in the trust. The sale took place, and, while Raineri took no part in the matter, he was fully aware of the transaction. A substantial down payment on the $147,000 sales price was made by the Selins, and the required annual payments of $10,000 plus interest were made for two years.

In June, 1963, Gertz made an offer to repurchase the one-third beneficial interest held by the Selins and cancel their obligation to make further payments. The Selins agreed to convey the beneficial interest back to the Gertzes and to make certain annual payments due under the trust to the first beneficiary. The Gertzes refused to perform the agreement, and the Selins successfully maintained an action for specific performance.

On appeal, the Gertzes unsuccessfully attempted to show that Joseph C. Raineri, Sr. was the true beneficial owner of the trust property. *Gertz v. Selin,* 11 Ariz. App. 495, 466 P.2d 46 (1970). Since the Gertzes had stipulated in the trial court that they were the owners of the beneficial interest and Raineri neither intervened nor became a party to that action, the Court of Appeals refused to consider the issue:

"Not only are the rights of the third person [Raineri] not properly before us but, more importantly, the judgment in the lower court runs only against the named defendants—the Gertz—and in no way purports to be binding on any other person not named or served as a party. The fact that implementation of the judgment *affects* another's interests is immaterial to this appeal and is the subject matter of a separate lawsuit. The issue of whether this decision will bar, or constitute an estoppel to, a subsequent lawsuit is not before us and we make no decision thereon." *Gertz v. Selin, supra,* 11 Ariz.App. at 498, 466 P.2d at 49.

Following the decision of the Court of Appeals, the Gertzes commenced performance under the contract by executing the promissory note and collateral assignment required by that agreement, and the Selins performed their obligation under the contract. Later, when the date for making the payment under the repurchase agreement occurred, the Gertzes failed to pay the sum due. The Selins brought this action to foreclose the collateral assignment of the beneficial interest of the Gertzes in the trust. Both Gertzes and Raineri were named as defendants, and both answered. Raineri counterclaimed to establish his interest and rights in the trust.

After a trial to the court, all the issues were resolved in favor of the Selins. The trial court found that Raineri and Gertz had acquired the second beneficial interest in Trust No. 2018. It was also found that Raineri was aware of the action for specific performance by the Selins against Gertz, and that Raineri not only took no action in this transaction but refused to discuss with the Selins any interest he may have had in the trust. The court further found that the Selins were unaware of the details of relationship and of the agreements between Raineri and Gertz. From the findings of fact, the trial court concluded that 1) Raineri and the Gertzes were involved in a joint venture; 2) Raineri had made the Gertzes his agents; 3) Raineri had placed the Gertzes in the position of having apparent authority to control the interest in the trust; and 4) such conduct and action by Raineri estopped him from denying the authority of the Gertzes to deal with his interest in the trust.

After entry of judgment, Raineri and the Gertzes timely filed the instant appeal. Raineri contends that the foreclosure of the collateral assignment of the beneficial interest in the trust is invalid as to his interest in that trust. Appellants Gertz argue that the collateral assignment did not authorize the remedy of foreclosure.

■ The position of the Gertzes that the remedy of foreclosure was unavailable is actually a collateral attack on the holding in *Gertz v. Selin, supra.* Appellants argue that the original agreement between the Gertzes and the Selins did not provide for the execution of a promissory note and collateral assignment. This issue was litigated and decided against appellants Gertz in the former action. The Gertzes were required to execute the documents required by the title company trustee to consummate the agreement. In compliance with the decree of specific performance, the Gertzes executed the promissory note and collateral assignment. The matter is *res judicata* and cannot be relitigated.

■ It is clear that the collateral assignment authorized the remedy of foreclosure. It stated as follows:

"In case of the non-payment of the Assignor of any sum of money . . . the whole amount . . . shall be collectible in a suit at law or by foreclosure of this Collateral Assignment of Beneficial Interest, in the same manner as if this Collateral Assignment of Beneficial Interest were a mortgage, . . ."

Since the Gertzes failed to make the payments required under the agreement, the Selins were authorized by the agreement to foreclose and sell the interest of the Gertzes in the trust.

Appellant Raineri argues that his interest in the trust cannot be foreclosed because he was not a party to the 1963 agreement or named as a party to the specific performance action. In fact, Raineri contends that his 1960 sale of an interest in the trust to the Selins is still in force

and effect, and that he should be paid by the Selins pursuant to that agreement.

The findings and conclusions of the trial court are challenged by appellant Raineri in most particulars. A detailed recital of the evidence on each point is unnecessary. The case may be decided on the narrow issue of principal and agent.

■ A principal may be estopped to deny the agent's authority where he has allowed others to detrimentally rely on the apparent authority of the agent. *Daru v. Martin,* 89 Ariz. 373, 363 P.2d 61 (1961); *Bristol v. Moser,* 55 Ariz. 185, 99 P.2d 706 (1940); *Gibson v. W. D. Parker Trust,* 22 Ariz.App. 342, 527 P.2d 301 (1974). Appellant Raineri conceded throughout the trial that he placed his one-third beneficial interest in the trust in the name of Gertz. The full authority and control of the second beneficial interest in the trust was in Gertz. There was nothing in the Trustee's file which would give notice that anyone else had any rights in the second beneficial interest. Although Selins were aware that Raineri had an interest in the trust, they dealt solely with Gertz and made payments to a trustee holding legal interest of the trust res in the name of Gertz only. Raineri did not take any part in the initial sale of the beneficial interest from the Gertzes to the Selins. The payments under the agreement were made to the title company, and the Selins were unaware of their disposition thereafter. After the Selins had filed their action for specific performance to compel Gertz to perform under the agreement in issue, they contacted Raineri to determine what interest he had in the matter. Raineri indicated that he was aware of the litigation, but he did not inform the Selins that Gertz did not have the authority to make the agreement for which specific performance was sought. In short, he did not disavow the actions of Gertz at a time when protest would have been expected. The Selins performed under the 1963 agreement and made their required payments in the belief that a valid

contract existed. It was only after Gertz refused to perform his contractual obligations under the 1963 agreement some years later, and the Selins foreclosed on the collateral assignment of the beneficial interest, that Raineri complained of Gertz having no authority to enter into the subject agreements.

Considering all the circumstances shown by the evidence, we must conclude that the trial court was correct in ruling that appellant Raineri is estopped to deny the authority of his agent.

Judgment affirmed.

CAMERON, C. J., and HAYS, J., concur.