Argued 1 November; decided 12 December, 1904; rehearing denied.

## WOLLENBERG v. ROSE.

[78 Pac. 751.]

VENDOR AND PURCHASER — DEATH OF PARTNER — CONVEYANCE REQUIRED TO COMPLY WITH CONTRACT TO SELL.

1. Where a firm contracted to convey real estate and both members of the firm died before completion of the contract, the vendee was entitled to a deed from the heirs of the deceased members of the firm, and was not obliged to accept a deed from any one else, as such a conveyance would not be a compliance with the contract.

VENDOR AND PURCHASER — MARKETABLE TITLE — PENDING SUITS.*

2. A vendee who has contracted for the purchase of real property is ordinarily entitled to a marketable title, and one subject to suits to set aside some of the deeds conveying the land to the vendor is not marketable.

MARKETABLE TITLE — PARTIES NOT BEFORE THE COURT.

3. Upon considering whether a title is marketable a court cannot determine the rights of parties not represented, and declare the title marketable as against them.

TITLE SUBJECT TO LITIGATION NOT MARKETABLE.

4. A title that on the face of the record may have to be quieted by a decree is not marketable.

From Douglas: JAMES W. HAMILTON, Judge.

Suit by H. Wollenberg, as administrator of the partnership estate of S. Marks & Co., against J. F. Rose to compel specific performance of a contract to buy certain land. On a former appeal it was decreed that plaintiff was under obligation to give to defendant a good and sufficient deed such as will convey the legal title: 41 Or. 314, 318 (68 Pac. 804). Plaintiff then tendered a title, which was refused. From a decree for plaintiff this appeal is taken.

REVERSED.

For appellant there was an oral argument by *Mr. Commodore S. Jackson*, with a brief to this effect.

I. A "good and sufficient title" cannot be passed to a decedent's real property by those who are not the heirs of decedent, or those who are strangers to the original

---

*NOTE.— See 96 Am. St. Rep. 545 for collection of authorities on what constitutes a marketable title, and whether equity will compel the acceptance of an uncertain title. See, also, 3 L. R. A. 739 on same subject.     REPORTER.

contract sought to be specifically enforced : *Wollenberg* v. *Rose*, 41 Or. 314, 318 (68 Pac. 804); *Taylor* v. *Porter*, 1 Dana, 421 (25 Am. Dec. 155); *Ross* v. *Grimball*, Charlt. 268 (4 Am. Dec. 712); *People* v. *Open Board of Stockbrokers*, 92 N. Y. 98, 104 ; *Barbour* v. *Hickey*, 2 App. D. C. (24 L. R. A. 763).

II. The grantee in a contract of sale of real property is not required in a suit for a specific performance to accept a doubtful or litigated title, or a title which is not merchantable: Fry, Spec. Perf. (3 Am. ed.) § 862 ; *Morgan's Heirs* v. *Morgan*, 15 U. S. (2 Wheat.) 290 ; *Watts* v. *Waddle*, 31 U. S. (6 Pet.) 389 ; *Wilson* v. *Toppan*, 6 Ohio, 172 ; *Ludlow* v. *O'Neil*, 29 Ohio St. 182; *Richmond* v. *Gray*, 3 Allen, 27; *Stuyvesant* v. *Jacques*, 14 Allen, 523 ; *Jeffries* v. *Jeffries*, 117 Mass. 184 ; *Cunningham* v. *Blake*, 121 Mass. 333 ; *Butts* v. *Andrews*, 136 Mass. 221 ; *Chesman* v. *Cummings*, 142 Mass. 65 (7 N. E. 13); *Vreeland* v. *Blauvelt*, 23 N. J. Eq. 483 ; *Tillotson* v. *Gesner*, 33 N. J. Eq. 313 ; *Cornell* v. *Andrews*, 35 N. J. Eq. 7 ; *Cornell* v. *Andrus*, 36 N. J. Eq. 321 ; *Powell* v. *Conant*, 33 Mich. 396 ; *Swayne* v. *Lyon*, 67 Pa. St. 436–439 ; *Hymers* v. *Branch*, 6 Mo. App. 511 ; *Gill* v. *Wells*, 59 Md. 492 ; *Griffin* v. *Cunningham*, 19 Gratt. 571 ; *People* v. *Open Board of Stockbrokers*, 28 Hun, 274 ; *Lohier* v. *Williams*, 1 Curt. (C. C.) 479 ; *Pyrke* v. *Waddingham*, 10 Hare, 1; *Stapylton* v. *Scott*, 13 Ves. Jr. 425 ; *Wilcox* v. *Bellaers*, 11 Eng. Ch. 266 ; *Hartley* v. *Smith*, Buck, 368 ; *Jervoice* v. *Duke of Northumberland*, 1 Jac. & W. 559.

He will not be forced to purchase a lawsuit: Watterman, Spec. Perf. 412 ; *Earl* v. *Campbell*, 14 How. Pr. 330 ; *Dobbs* v. *Norcross*, 24 N. J. Eq. 327 ; *Linn* v. *McLean*, 80 Ala. 367.

The burden of proof to show that he can convey a "good and sufficient" title rests upon the plaintiff: *Hull* v. *Glover*, 126 Ill. 122 (18 N. E. 198).

It is sufficient to defeat the suit when it is shown that the title which complainant is prepared to give is doubtful: *Close* v. *Stuyvesant*, 132 Ill. 607 (3 L. R. A. 161, 24 N. E. 868).

· The purchaser may withdraw his deposit and terminate his contract where it calls for a good and sufficient title, and such is not furnished: *Turner* v. *McDonald*, 76 Cal. 177 (9 Am. St. Rep. 189, 18 Pac. 262).

III. A deed executed by persons who are not parties to the original contract made with the grantee, and which would subject the grantee to litigation, and conveys but a mere naked title, is not a "good and sufficient" deed of conveyance to real estate: *Ross* v. *Grimball*, Charlt. 268 (4 Am. Dec. 712); *Turner* v. *McDonald*, 76 Cal. 177 (9 Am. St. Rep. 189, 18 Pac. 262); *Townshend* v. *Goodfellow*, 40 Minn. 312 (12 Am. St. Rep. 736, 3 L. R. A. 739, 41 N. W. 1050); *Barbour* v. *Hickey*, 2 App. D. C. 207 (24 L. R. A. 763 and note); *Hull* v. *Glover*, 126 Ill. 122 (18 N. E. 198); *Rede* v. *Oakes*, 4 De Gex J. & S. 505; *Vreeland* v. *Blauvelt*, 23 N. J. Eq. 483; *Shriever* v. *Shriever*, 86 N. Y. 575, 585; *Conley* v. *Finn*, 171 Mass. 70 (68 Am. St. Rep. 401, 50 N. E. 460).

For respondent there was an oral argument by *Mr. F. W. Benson*, and *Mr. J. C. Fullerton*, with a brief to this effect.

It would seem that the proposition we seek to maintain is elementary law and needs no authorities in its support. The proposition is simply, that under a contract for the sale of real property, where the vendor complies with his contract and demands a deed, he cannot refuse to accept the deed tendered because not made by the party with whom he made the contract, if it is made by the person who holds the legal title to the land at the time the same is tendered: Pomeroy, Contracts, § 465 (2 ed.); *Boyd* v. *Bunckton*, 55 Cal. 427–430.

MR. JUSTICE WOLVERTON delivered the opinion.

On October 1, 1892, S. Marks and A. Marks were doing business under the firm name of S. Marks & Co., at which time they entered into a verbal contract with the defendant Rose to convey to him certain real property for the consideration of $1,500, see this case on former appeal, 41 Or. 314 (68 Pac. 804). Rose paid part of the purchase price, and, failing to pay the balance, the plaintiff, by way of cross-bill to an action by defendant to recover from plaintiff the amount of the purchase money paid, seeks to recover from defendant such balance, and in order to do that, it was necessary to show that the plaintiff was ready, able, and willing to perform the contract of S. Marks & Co. to convey a good title to the premises. Both members of the firm of S. Marks & Co. died subsequently to entering into the contract — S. Marks, intestate, leaving several heirs, and A. Marks, testate, leaving his property, except some minor bequests, to Hermann Marks. The heirs of S. Marks have also executed and delivered to Hermann Marks deeds to their interests in the premises herein involved, so that, according to the record, Hermann Marks appears to be the sole owner of the entire legal title. When the case was here before, we said, in answer to an objection to the complaint, that the heirs of S. Marks & Co. were not made parties, that "the administrator declares his readiness and ability to make a good and sufficient deed to convey the title upon payment of the demand, which is sufficient, after answer, we think, to overcome the objection. The deed, we take it, should come from the heirs, to carry a good title. The administrator, as such, could not make it, or any deed to realty, without adequate authority from a competent court. A conveyance, however, from the lawful heirs of S. Marks & Co., would satisfy the demand, and if the administrator furnishes it, there

can be no cause for complaint." On a remand of the case, the plaintiff tendered his deed as administrator *de bonis non* of the estate of S. Marks & Co., together with a deed, regular in form, from Hermann Marks, the owner of the legal title, and demanded the balance of the purchase price, which was tendered at the same time by Rose. Rose, however, refused to accept the deeds or to pay the money for the reasons (1) that the deeds were not from the heirs of the deceased members of the partnership; and (2) that the deed from Hermann Marks would not convey a good title, free from dispute, because some of the heirs of S. Marks were seeking to set aside their conveyances to Hermann for fraud perpetrated by him in procuring them.

1. We are satisfied that the tender of the Hermann Marks deed was insufficient, in so far as it purported to convey the interests of the heirs of S. Marks. The undertaking to convey is usually in behalf of the vendor, his heirs, executors, and administrators, and, whether expressed or not, such would probably be its legal effect, so that a performance on the part of the heirs or legatees or personal representatives, when the latter are duly authorized thereto, would be tantamount to a fulfillment of the obligation on the part of the vendor. But a third party, a stranger to the undertaking, could not discharge the obligation, though in a position to convey a good and sufficient title, for the very good reason that the vendee has not contracted for his deed, but for that of the vendor, or, in case of his death, that of his heirs, legatees, or personal representatives. "The appellee," says Mr. Justice UNDERWOOD, in *Taylor* v. *Porter*, 1 Dana, 421 (25 Am. Dec. 155), "is not bound to accept the title from any one except his vendor or his representatives, acting in their representative character. The insolvency of McGinnis, in this case, cannot change the rule. Taylor's warranty may be better

than that of the representatives of McGinnis, but Porter
is not bound to accept it, because he made no contract
with Taylor." In this case McGinnis bound himself to
convey to Porter, but, he not having the title, it was
sought to require Porter to accept title from Taylor, with
the result, as above indicated, that the court refused the
relief. *Seaver* v. *Hall*, 50 Neb. 878 (70 N. W. 373), is illus-
trative. Before plaintiff could have put the defendant in
default, he must have tendered performance of the con-
tract (*Soper* v. *Gabe*, 55 Kan. 646, 41 Pac. 969); and, not
having done so, he cannot insist upon the payment of the
balance of the purchase price demanded.

2. The second reason assigned for refusing the tendered
deed is also potent and sufficient. The evidence shows
that litigation is actually pending between some of the
heirs of S. Marks and Hermann Marks, whereby it is
sought to set aside their deeds to Hermann on account of
fraud; and there is some evidence that it is being prose-
cuted in good faith, there being none to the contrary.
Plaintiffs in these cases have stated good causes for relief,
which tend palpably to discredit the title which plaintiff
tenders by the deed of Hermann Marks. This, with the
evidence of good faith in the prosecution, affords a suffi-
cient reason, *prima facie*, at least, for refusing to accept
the deeds. Generally it is sufficient upon which to base
such refusal if there be doubt and uncertainty about the
title sufficient to form the basis for litigation, for, if there
be doubt, it cannot be thrown upon the purchaser to con-
test that doubt (*Rede* v. *Oakes*, 4 De Gex, J. & S. 505), and
a reasonable doubt on this head will prevent the vendor's
obtaining his remedy. The title tendered must be a good,
clear, marketable title (Pomeroy, Spec. Perf. § 342); and,
to be good, it seems to have been admitted in *Turner* v.
*McDonald*, 76 Cal. 177 (18 Pac. 262, 9 Am. St. Rep. 189),
that it "should be free from litigation, palpable defects, and

grave doubts, should consist of both legal and equitable title, and should be fairly deducible from the records." See, also, *Conley* v. *Finn*, 171 Mass. 70 (50 N. E. 460, 68 Am. St. Rep. 399), and *Dobbs* v. *Norcross*, 24 N. J. Eq. 327. The doubt ought not, of course, to be a mere captious one, but must be considerable and rational — such as would and ought to induce a prudent man to hesitate to take the title if he was effecting an original purchase. A mere possibility of a defect or a threat or the possibility of a contest will not be enough : *Hayes* v. *Harmony Grove Cemetery*, 108 Mass. 400; *Gill* v. *Wells*, 59 Md. 492. If the title depends on the record, and all the muniments are in evidence, so that the defects may appear from an inspection, it is then purely a question of law for the court to determine and settle by construction ; but, if it depends upon matters of fact to be established by parol, then the cause must be made very clear by the vendor to warrant a court in ordering specific performance : *Townshend* v. *Goodfellow*, 40 Minn. 312 (41 N. W. 1056, 3 L. R. A. 739, 12 Am. St. Rep. 736). The case here is not the tender of a title dependent upon matters of fact, but of one that is assailed for fraud in its procurement. The question to be determined as to the fraud, however, is one of fact; and, the appellant having brought such a record of actual suits pending and a showing of good faith in their prosecution as to cause a prudent man of business sagacity to hesitate to accept the title, it would be an act of injustice to compel him to take it with the burden of defending against the attacks. Enough has been shown, it seems to us, to require the plaintiff to prove that the title tendered is free from any peril of the impending litigation, and that it was only instituted for the purpose of annoying and harassing him, without inherent merit.

3. But even if such proof had been made, there is a serious difficulty in the way of our settling the title so as

to make it marketable, or such as the defendant ought to be required to accept. It is said in *Fleming* v. *Burnham*, 100 N. Y. 1, 10 (2 N. E. 905), that a court cannot make a title marketable "by passing upon an objection depending on a disputed question of fact, or a doubtful question of law, in the absence of the party in whom the outstanding right was vested." See, also, *Irving* v. *Campbell*, 121 N. Y. 353 (24 N. E. 821, 8 L. R. A. 620). So, again, it is said in *Schultz* v. *Rose*, 65 How. Prac. 75, that a decision of a court in a suit for specific performance "can heal no inherent weakness or restore a broken link in the chain of title, unless the facts and parties essential and affected are before it, and in a relation and condition to be dealt with." Such is the condition of the case here. If these heirs were all before us, and a full investigation had been gone into respecting the pending litigation, the court would be in a position to pass on the title tendered, and determine its merits so as to bind them; but it cannot bind them in their absence, or pass the title thus seriously questioned and assailed. If the deeds of these heirs had been tendered without objection from them, the fact that they were not made parties would not have impaired the plaintiff's right of recovery; and such was the hypothesis upon which the former opinion in this case was rendered, but a very different case has since been developed.

4. It is urged, however, that this controversy has arisen since the contract to convey was entered into, and that the heirs would take with notice and subject to the equities of the parties, and that defendant would obtain a title that he could successfully defend against them. But this does not meet the objection. It still puts the defendant to the burden of litigating with these heirs, and renders the title unmarketable in the mean while — such as prudent persons dealing in realty would not choose to accept. So that in either case the plaintiff has not tendered such a

title as the defendant was required to accept before paying the balance of the purchase price.

The decree of the circuit court will therefore be reversed, and one here entered dismissing the plaintiff's cross-bill.

REVERSED.

---

Decided 15 August, 1904; rehearing denied 30 April, 1905.