Argued June 26, affirmed July 14, rehearing denied October 6, 1914.

# FARGO *v.* WADE.

(142 Pac. 830.)

**Vendor and Purchaser—Rights of Parties—Conveyance to Third Person by Vendor.**

1. Where the owner of land gives an option to purchase in consideration of the payment of certain installments, the conveyance of the land and assignment of the right to receive the installments is not a breach of the contract giving the option, and where the optionee still claims under the option, the grantee is entitled to recover from him a subsequently accruing installment.

> [As to specific performance of option, see note in 118 Am. St. Rep. 592.]

**Vendor and Purchaser—Rights of Parties—Action for Installment for Option.**

2. Where the owner of land in giving an option to purchase subject to an outstanding lease agrees to perform the conditions of the lease, an answer, in an action by a grantee of the owner for an installment of the consideration for the option, alleging that the gran-

tor has failed to make improvements, required by the lease, does not state a defense, where there is no allegation that the improvements would have augmented the interest of defendant in the premises, or that he suffered any damage.

From Multnomah: George N. Davis, Judge.

Department 1.    Statement by Mr. Justice Moore.

This is an action by George K. Fargo and C. A. Baker against W. T. Wade to recover money. The facts as far as material herein are that on January 3, 1910, a written agreement was entered into whereby Fred Ewing, who was then the owner in fee of 917.24 acres of land in Wallowa County, Oregon, gave the defendant the right at any time, within five years, to purchase the premises, in consideration for which $150 was paid in advance, and Wade also stipulated to pay a like sum for the years 1911 and 1912 and $250 per annum for the remaining years, unless the election to pay for the real property was sooner exercised. At the time the agreement was concluded the land was leased to G. W. Harvey for a term extending beyond the limit of the option. · In referring to such demise the contract contained a clause which reads:

"This agreement is subject to the terms and conditions of said lease, but it is further understood and agreed that said party of the first part [Ewing] shall faithfully perform all the conditions of said lease upon his part to be performed."

The installments on account of the option were paid to January 3, 1912. Prior thereto, however, Ewing sold and conveyed the land to the plaintiffs, to whom he also assigned all his interest in the option. Insisting that such conveyance constituted a breach of the terms of the written agreement, Wade refused to pay the installment of $150, which matured January 3,

1913, whereupon this action was instituted. The complaint sets forth the substance of the contract, alleges the conveyance of the land, the assignment of the written agreement, and the default in the payment of the installment.

The answer denies some of the material averments of the complaint. For a further defense and as a counterclaim it is averred, in effect, that the defendant had at all times been ready, able and willing to pay the installments as they matured, but that Ewing had failed and refused to carry out the terms of the lease executed to Harvey, and neglected to make the improvements provided for in that demise. A copy of the option contract is made a part of the separate answer. A motion to strike out the latter defense was sustained, and the cause, being tried on the remaining issues, resulted in a judgment for the plaintiffs in the sum of $150, and the defendant appeals.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Leroy Lomax.*

For respondents there was a brief over the names of *Mr. C. A. Hart* and *Messrs. Carey & Kerr,* with an oral argument by *Mr. Hart.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. The important question to be considered is whether the conveyance of the land to the plaintiffs constituted such a breach of Ewing's agreement as to prevent a recovery of any of the remaining installments. The contract is a mere option whereby the defendant, for a valuable consideration, secured the

right to elect whether he would, within the time limited, pay for the real property the price stated: 21 Am. & Eng. Ency. Law (2 ed.), 924; 39 Cyc. 1232; *Friendly* v. *Elwert,* 57 Or. 599 (105 Pac. 404, 111 Pac. 690, 112 Pac. 1085, Ann. Cas. 1913A, 357). In *Ide* v. *Leiser,* 10 Mont. 5, 11 (24 Pac. 695, 24 Am. St. Rep. 17), in referring to an option to buy real property, it is said: "The owner parts with his right to sell his lands (except to the second party) for a limited period." In that case the only question involved was whether or not a consideration had been given for extending the time within which the election could be exercised. What was said in the opinion in respect to the owner of real property, who had parted with his right to sell the land "except to the second party," must be regarded as a mere observation.

In *Elliott* v. *Delaney,* 217 Mo. 14 (116 S. W. 494), however, it was held that the owners of real property who, for a valuable consideration, had given an option to convey the land, had the right, prior to the expiration of the limit specified, to execute a deed of the premises to a third party who took the title subject to the encumbrance.

It is maintained that the doctrine announced in the case last referred to is not controlling in this state where the rule prevailing is the same as that declared in the case first cited. Thus in *Wollenberg* v. *Rose,* 45 Or. 615, 619 (78 Pac. 751), it was decided that where a firm contracted to convey real estate and the partners died before the completion of the contract, the vendee was entitled to a conveyance from the heirs of the deceased members of the firm, and was not obliged to accept a deed from any other person. In that case some of the heirs of one of the partners were seeking

to set aside their deeds for fraud alleged to have been perpetrated in procuring them. In a subsequent suit instituted for that purpose the deeds were set aside, thus showing that the title tendered as a compliance with the terms of the executory contract was not marketable: *De Bow* v. *Wollenberg,* 52 Or. 404 (96 Pac. 536, 97 Pac. 717).

Another case cited in support of the *dictum* in the case of *Ide* v. *Leiser,* 10 Mont. 5 (24 Pac. 695), is *Krebs Hop Co.* v. *Livesley,* 51 Or. 527, 533 (92 Pac. 1084), where it was held that if, before the time for performance of an executory contract had arrived, one of the parties to the agreement made it impossible for him to comply with his part of the engagement, the other might treat the contract as terminated and proceed accordingly; but in order to justify such a course there must have been a failure in some substantial particular going to the essence of the agreement, thereby rendering the defaulting party incapable of discharging his undertaking and making it impossible to carry out the contract. In that case the plaintiff had engaged to grow on a particular tract of land hops which were to be delivered to the defendant, but prior to the times for performance the plaintiff conveyed the real property and assigned the sums of money to become due under the contract to a creditor as security, and it was determined that notwithstanding such transfers, it was possible for the plaintiff to perform.

It is believed that the decisions rendered in these cases are not determinative of the question here involved. The principle contended for by the defendant's counsel, if upheld, might result in defeating every option for the purchase of real property the value of which had increased after the right to buy the premises

had been given. In this state there is no statute prohibiting the alienation of land, and when an option to purchase any real property has been given, the owner of the premises has an estate therein which he can transfer, and the party accepting the title, if he has notice or knowledge of the privilege conferred by the writing, necessarily takes the premises *cum onere*. An option given by the owner of land for a valuable consideration, agreeing to sell it to another at a fixed price if accepted within a specified time, is binding upon the owner and all his successors in interest with knowledge thereof: *Mueller* v. *Nortmann,* 116 Wis. 468 (93 N. W. 538, 96 Am. St. Rep. 997). At any time prior to the expiration of the time limited, Wade could have relinquished his right to purchase the land, and, had he done so, no recovery of any sum of money subsequently accruing could have been had against him. He cannot, however, insist upon a continuation of the validity of the option without being liable for the installments maturing thereon. If the real property was thus obtained, burdened with the option, all the advantages accruing to the vendor from the contract, including the right to receive and collect the installments maturing on account thereof, should also be transferred, particularly so when they were expressly assigned for that purpose.

2. It appears from the evidence that during the greater part of the year 1912, when the installment accrued for which the judgment herein was given Ewing remained the owner of the land. It will be remembered that he covenanted in the option contract faithfully to perform all the conditions that he had undertaken in the lease of the premises to Harvey. It will also be kept in mind that the part of the answer which

was stricken out averred that Ewing had failed and refused to make upon the land the improvements specified in the lease. The plaintiffs by an assignment of the installments took choses in action subject to all existing equities, and any defense available against Ewing, had he commenced an action therefor, might have been interposed herein. That part of the answer referred to does not allege that Ewing's refusal to make upon the land the improvements specified in the lease to Harvey would have augmented the defendant's interest in the premises or inured to his advantage, nor is it averred that in consequence of such failure he sustained any damage. The further answer, therefore, did not state facts sufficient to constitute a defense, and no error was committed in striking it out, though possibly a demurrer thereto, based on that ground, would have been better practice.

Other errors are assigned, but, deeming them immaterial, the judgment is affirmed.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE and MR. JUSTICE RAMSEY concur.