Argued July 11, affirmed July 25, 1916.

## FARGO *v.* WADE.

(159 Pac. 624.)

**Vendor and Purchaser—Damages—Remote and Uncertain.**

1. Injury to F., given an option on land by E. subject to lease given by E. to H., by reason of H. not breaking the sod, is not the direct and necessary result of E. not furnishing a man to assist H. in farming, as required by the lease, but is remote and uncertain; the lease merely providing that H. shall break so much of the sod ground "as he can, weather conditions and other conditions considered."

[As to effect on rights of parties under option contract of purchase of injury to or destruction of premises, see note in Ann. Cas. 1913A, 1295.]

From Multnomah : T. E. J. DUFFY, Judge.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is an  action  by  George  E.  Fargo and C. A. Baker against W. T. Wade to recover one installment of $250 alleged to be due on an option contract executed January 3, 1910, whereby the predecessor in title of the plaintiffs granted to the defendant the option of purchasing some land in Wallowa County, in consideration that he would pay  certain amounts annually for the privilege extended.   This chose in action was assigned to the plaintiffs.   The making of the option contract is admitted, together with its assignment to the plaintiffs.   Otherwise the complaint is

denied, except as stated in the further and separate answer. The defendant alleges that at the time the contract was made the land was under lease to C. W. Harvey for five years, one of the terms of which demise was that Ewing "is to furnish a man for eight months during each year to assist party of the second part in farming said place and, in the event of not furnishing said man, to pay party of the second part a sum equal to the wages of a farm hand for said period of time during each year. The party of the second part [Harvey] is to break out each year so much of the sod ground on said place as he can, weather conditions and other conditions considered, and plant the same to crops on same conditions as other land is farmed."

The answer is further to the effect that the plaintiffs bought from Ewing the land and the chose in action under the option contract, and covenanted with him to keep and perform all the terms of the lease to Harvey. The defendant avers in conclusion that both Ewing and the plaintiffs failed to furnish the man or pay his wages at any time; that in consequence thereof Harvey did not plow any new ground and, accordingly, the land was rendered less valuable, so that he suffered damage in the sum of $5,124, for which he demands judgment.

The new matter in the answer is traversed by the reply. The court refused to allow testimony about the condition of the land and whether the sod had been broken or not, and generally refused proof of the allegations of the answer in connection with that stipulation in the lease. From a judgment for the plaintiffs, the defendant appeals.                    AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Leroy Lomax.*

For respondents there was a brief and an oral argument by *Mr. Charles A. Hart.*

1. In order to recover damages the injury for which compensation is desired by a plaintiff must be the natural, direct and necessary result of the alleged wrongful act or omission of the defendant: 13 Cyc. 25. If we could say that the breaking of new sod would have been the ordinary and normal consequence of furnishing the laborer to Harvey or paying him the money instead, then, if there were no further factors to consider, the conclusion would follow that the shortcoming of Ewing and the plaintiffs in failing to keep the covenant of the lease in that respect constitutes a basis upon which to recover damages. But, in the first place, Harvey only stipulated ''to break out each year so much of the sod ground on said place as he can, weather conditions and other conditions considered.'' Nothing is stated in the answer showing that the weather and other conditions, whatever they may have been, were favorable to plowing sod, or that Harvey had the present ability or inclination to perform the labor. The lease does not specify that the hand to be furnished was for the purpose of breaking new land. Indeed, that document almost, if not quite, leaves the cultivation of the farm to the discretion and inclination of Harvey. With perfect propriety he could have employed both himself and the laborer at other work. Under such conditions, damage to the defendant is not the necessary result of failing to furnish the hand to assist the tenant in farming. The injury, if any, is too remote from any act or default of Ewing or the plaintiffs. The provisos involved are numerous, and did not operate together or in succession so as to make a continuous sequence between the alleged fault of the plaintiffs and the stated damage to the defendant.

If plaintiffs had procured the laborer; if the weather conditions had been favorable; if Harvey had been willing to plow the sod; if he had set the hired man at that work; if he had done a good job of plowing; if he had plowed more or less, are diverse considerations not related to nor acting with each other, and render the possibility of damage to the defendant so remote and uncertain that he cannot interpose it as a counter-claim against a demand which he might have avoided at any time by surrendering his option, as we held in the former case: *Fargo* v. *Wade,* 72 Or. 477 (142 Pac. 830, L. R. A. 1915A, 271).

The judgment is affirmed.          AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BENSON concur.