DECISION AND JUDGMENT ENTRY
{¶ 1} Jack Pitzer ("Appellant") appeals the decision of the Highland County Court of Common Pleas granting summary judgment in favor of Glenn and Carole McKeehan ("Appellees"). The Appellant contends that the trial court erred in granting the motion for summary judgment filed on behalf of Appellees Glenn and Carole McKeehan, as there was a genuine issue of material fact in dispute regarding whether the Appellees are bona fide purchasers of the land at issue. Because we find that the Appellees have not met their burden under Civ.R. 56(C) to set forth specific facts showing that there is no genuine issue of material fact regarding the notice *Page 2 
component of the bona fide purchaser standard, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.
 I. Facts {¶ 2} The case sub judice concerns contracts to transfer property by Brian Littleton to both the Appellant and the Appellees. The property at issue, located at 14015 Cynthiana Road, Hillsboro, Ohio, was originally transferred to Mr. Littleton on August 2, 1994. Mr. Littleton sold one of the two lots on the property ("the first parcel") to Jeff Collins, his wife's brother, for $3,500.00. Collins made payments on the first parcel until the property was paid off and signed over to him. With regard to the other lot ("the second parcel"), Collins and the Littletons agreed that in the event that either party wanted to sell his or her parcel, the other party had the right of first refusal to purchase that parcel. After this agreement was entered into between the Littletons and Collins, Collins worked on the second parcel, including moving dirt, mowing, seeding, and cleaning the property. Additionally, Collins stored property on the premises, made improvements on the premises, and hired labor to work on the second parcel.
 {¶ 3} After Collins had worked on the second parcel for approximately eight years, the Littletons filed for divorce. At this point in time, Collins had invested several thousand dollars in the second parcel. At some point prior *Page 3 
to the finalization of the Littletons' divorce, Mrs. Littleton accepted a $200.00 payment from Collins as a down payment on the second parcel. At the final hearing on the Littletons' divorce, Mr. Littleton agreed to sell the second parcel to Collins for the remaining price, $3,300.00. In the Littetons' final divorce decree, it was noted that the second parcel was "allegedly encumbered by an oral pending purchase agreement," such agreement being that between Collins and Mr. Littleton for transfer of the second parcel to Collins following the tender of the $3.300.00 remaining purchase price to Littleton.
 {¶ 4} On May 22, 2000, Collins assigned his interest in the second parcel to the Appellant. On September 25, 2000, the Appellant tendered the remaining $3,300.00 purchase price for the second parcel to Mr. Littleton's attorney. On November 15, 2000, Mr. Littleton's new counsel returned the Appellant's tender, noting that Mr. Littleton stated that "the property [was] not for sale, particularly to Jeff Collins or his assignees." When his tender was returned, the Appellant hired counsel who had the Littletons' final divorce decree recorded in the Highland County Recorder's Office. As noted supra, the divorce decree stated that the second parcel was encumbered by an oral pending purchase agreement. *Page 4 
 {¶ 5} On December 9, 2000, Mr. Littleton transferred the second parcel to the Appellees by means of a warranty deed for $6,700.00 consideration. On December 21, 2000, the Appellant filed a motion to compel Mr. Littleton to convey the parcel to him. Littleton was served with the complaint on January 4, 2001. On February 9, 2001, the Appellant filed a motion for default judgment. Littleton filed his answer to the Appellant's motion eleven days late.
 {¶ 6} On February 20, 2002, the Appellees moved to intervene in the case, and on February 27, 2002, the trial court granted their motion. On the same day, the Appellees filed a counterclaim against the Appellant, and a cross-claim against Mr. Littleton. On December 24, 2002, the trial court overruled the Appellant's motion for default judgment.
 {¶ 7} On May 12, 2003, the Appellant moved for summary judgment against Mr. Littleton. The trial court denied this motion on July 1, 2003. Thereafter, the trial court bifurcated the cases and proceeded with the Appellant's case against Mr. Littleton. The trial court decided that case in favor of the Appellant.
 {¶ 8} On March 14, 2005, the Appellant moved for summary judgment against the Appellees. On April 13, 2005, the Appellees moved for summary judgment against the Appellant. By judgment entry dated *Page 5 
September 1, 2005, the trial court granted the Appellees' motion for summary judgment and denied the Appellant's motion for summary judgment. In light of the trial court's decision, the Appellees voluntarily dismissed their counterclaim against the Appellant on September 9, 2005. The Appellant now appeals the trial court's September 1, 2005 judgment, asserting the following assignment of error:
 {¶ 9} 1. THAT THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEES McKEEHAN FOR THE REASON THAT THERE WAS PRESENT A GENUINE ISSUE OF MATERIAL FACT.
 II. Standard of Review {¶ 10} We begin our discussion of the merits by addressing the standard of review applicable in the case sub judice. When reviewing a trial court's decision regarding a summary judgment motion, an appellate court conducts a de novo review. See, e.g., Doe v. Shaffer (2000),90 Ohio St.3d 388, 390, 738 NE.2d 1243; Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 671 NE.2d 241. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. SeeBrown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711,622 NE.2d 1153; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12,599 NE.2d 786. In determining whether a trial court properly granted a summary judgment *Page 6 
motion, an appellate court must review the standard for granting a summary judgment motion as set forth in Civ.R. 56, as well as the applicable law.
 {¶ 11} A trial court may grant a summary judgment motion if the moving party demonstrates that (1) no genuine issues of material fact exist, (2) it is entitled to judgment as a matter of law, and (3) reasonable minds can come to only one conclusion and that conclusion is adverse to the opposing party. See Civ.R. 56(C); Zivich v. Mentor Soccer Club,Inc., 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201; Mootispaw v.Eckstein (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197; Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his or her motion. Id. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429,674 N.E.2d 1164. Moreover, when ruling on a motion for summary judgment, a court must construe the record and all inferences in the opposing party's favor. *Page 7 
See Doe v. First United Methodist Church (1994), 68 Ohio St.3d 531,535, 629 N.E.2d 402.
 III. Argument {¶ 12} The Appellant contends that the trial court improperly granted summary judgment in favor of the Appellees, as there was a genuine issue of material fact concerning the Appellees' status as bona fide purchasers of the second parcel. The three essentials of a bona fide purchase of realty are the absence of notice, valuable consideration, and the presence of good faith. Dietsch v. Long (1942),72 Ohio App. 349, 366, 49 N.E.2d 906. As noted in David Moore Builders, Inc. v.Hudson Village Joint Venture, Summit App. No. 22118, 2004-Ohio-4950, at ¶ 8:
 A purchaser of land who has notice that his grantor has contracted with a third party for the sale of such property or a part thereof takes subject to that contract or option to buy. Dunlap v. Ft. Mohave Farms (1961), 89 Ariz. 387, 391, 363 P.2d 194; Blondell v. Turover, 195 Md. 251, 72 A.2d 697; Fargo v. Wade, 72 Or. 477, 142 P. 830; Texas Co. v. Aycock, 190 Tenn. 16, 227
S.W.2d 41. "A grantee * * * who acquires legal title with notice of a former contract by the vendor to convey the land is subject to the rights of the former purchase, including the latter's right to obtain a decree for a conveyance upon the payment of the purchase price[.]" 80 Ohio Jurisprudence 3d (1988) 278-79, Real Property Sales and Exchanges, Section 228. See also, Mutual Aid Bldg Loan Co. v. Gashe (1897), 56 Ohio St. 273, 299, 46 N.E. 985. A subsequent purchaser of real estate is bound by a prior contract to sell the same property unless he can prove that he was a bona fide purchaser and took without notice of the existence of the prior contract. Clotfeller v. Telker (Ohio App. 1947), 83 N.E.2d 103. *Page 8 
 {¶ 13} The Appellant contends that the Appellees acquired actual notice of his interest in the second parcel through their counsel, in addition to having notice by virtue of being the owners of property adjacent to the second parcel. When the Appellees submitted their motion for summary judgment, they relied on the affidavit of their attorney, Susan L. Davis, to support their claim that they were bona fide purchasers without notice of the Appellant's interest in the second parcel. In her affidavit, Davis attested that she was retained by the Appellees in December 2000 to conduct a title search on the second parcel. Paragraphs 4-5 of her affidavit state, in pertinent part:
 * * * [I]n the course of examining the title to the subject said real estate there was only found in the public records a notation in the records of the Highland County Recorder which stated: "it is allegedly encumbered by an oral pending purchase agreement", which was not sufficient notice, in her opinion, regarding the potential claim of Jack Pitzer or someone else to purchase said real estate.
 * * * [A]s a consequence of her professional opinion stated above, she did not notify Mr. and Mrs. McKeehan of said statement as said statement did not contain any notices, names, or addresses of those potentially having an interest in said real estate.
 {¶ 14} The doctrine of imputed notice to a client or principal rests upon the ground that the attorney or agent has knowledge of something, material to the particular transaction, which it is his duty to communicate to his principal. American Export Inland Coal Corp. v.Matthew Addy Co. *Page 9 
(1925), 112 Ohio St. 186, 197, 147 N.E. 89. The general rule is that notice to an agent, which acted for his principal, of facts affecting the character of the transaction, is constructive notice to the principal. Id. at 198. Applying this rule to the facts of the case sub judice, it appears that the Appellees had constructive notice of an oral pending purchase agreement regarding the second parcel, by virtue of the fact that their attorney, Susan Davis, was aware of the agreement. In light of this constructive notice, the Appellees were not able to show the absence of any genuine issues of material fact regarding their bona fide purchaser status in their motion for summary judgment.
 IV. Conclusion {¶ 15} In our view, the Appellees failed to meet their burden under Civ.R. 56(C) to demonstrate that no genuine issues of material fact existed concerning their status as bona fide purchasers of the property at issue. Accordingly, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.
 JUDGMENT REVERSED AND REMANDED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellant recover of Appellees costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. and Abele, J.: Concur in Judgment Only. *Page 1