DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Jack Pitzer, appeals the decision of the Highland County Court of Common Pleas granting judgment in favor of Appellees, Glenn and Carole McKeehan. Appellant contends that the judgment of the trial court was against the manifest weight of the evidence. Because we find *Page 2 
that the trial court's decision was supported by competent, credible evidence, we affirm its judgment in favor of Appellees.
 FACTS {¶ 2} As set forth in our previous opinion relating to this matter, which remanded a grant of summary judgment in favor of Appellees, the case sub judice concerns contracts to transfer property by Brian Littleton to both the Appellant and the Appellees. The property at issue, located at 14015 Cynthiana Road, Hillsboro, Ohio, was originally transferred to Mr. Littleton on August 2, 1994. Mr. Littleton sold one of the two lots on the property ("the first parcel") to Jeff Collins, his wife's brother, for $3,500.00. Collins made payments on the first parcel until the property was paid off and signed over to him. With regard to the other lot ("the second parcel"), Collins and the Littletons agreed that in the event that either party wanted to sell his or her parcel, the other party had the right of first refusal to purchase that parcel. After this agreement was entered into between the Littletons and Collins, Collins worked on the second parcel, including moving dirt, mowing, seeding, and cleaning the property. Additionally, Collins stored property on the premises, made improvements on the premises, and hired labor to work on the second parcel. *Page 3 
 {¶ 3} After Collins had worked on the second parcel for approximately eight years, the Littletons filed for divorce. At this point in time, Collins had invested several thousand dollars in the second parcel.[1]
At some point prior to the finalization of the Littletons' divorce, Mrs. Littleton accepted a $200.00 payment from Collins as a down payment on the second parcel. At the final hearing on the Littletons' divorce, Mr. Littleton agreed to sell the second parcel to Collins for the remaining price, $3,300.00. In the Littetons' final divorce decree, it was noted that the second parcel was "allegedly encumbered by an oral pending purchase agreement," such agreement being that between Collins and Mr. Littleton for transfer of the second parcel to Collins following the tender of the $3.300.00 remaining purchase price to Littleton.
 {¶ 4} On May 22, 2000, Collins assigned his interest in the second parcel to Appellant. On September 25, 2000, Appellant tendered the remaining $3,300.00 purchase price for the second parcel to Mr. Littleton's attorney. On November 15, 2000, Mr. Littleton's new counsel returned Appellant's tender, noting that Mr. Littleton stated that "the property [was] *Page 4 
not for sale, particularly to Jeff Collins or his assignees." When his tender was returned, Appellant hired attorney David Pence to record the Littletons' final divorce decree in the Highland County Recorder's Office. As noted supra, the divorce decree stated that the second parcel was encumbered by an oral pending purchase agreement. The second parcel was identified only by street address, did not contain a metes and bounds description of the property or a deed reference and was not cross indexed to the deed for the second parcel. Further, the provision in the divorce decree did not state the names of the parties to the oral, pending purchase agreement.
 {¶ 5} On December 9, 2000, Mr. Littleton transferred the second parcel to Appellees by means of a warranty deed for $6,700.00 consideration. On December 21, 2000, Appellant filed a motion to compel Mr. Littleton to convey the parcel to him. Littleton was served with the complaint on January 4, 2001. On February 9, 2001, Appellant filed a motion for default judgment. Littleton filed his answer to Appellant's motion eleven days late.
 {¶ 6} On February 20, 2002, Appellees moved to intervene in the case, and on February 27, 2002, the trial court granted their motion. On the same day, Appellees filed a counterclaim against Appellant, and a cross-claim against Mr. Littleton. On December 24, 2002, the trial court overruled *Page 5 
Appellant's motion for default judgment. On May 12, 2003, Appellant moved for summary judgment against Mr. Littleton. The trial court denied this motion on July 1, 2003. Thereafter, the trial court bifurcated the cases and proceeded with Appellant's case against Mr. Littleton. The trial court decided that case in favor of Appellant.
 {¶ 7} On March 14, 2005, Appellant moved for summary judgment against Appellees. On April 13, 2005, Appellees moved for summary judgment against Appellant. By judgment entry dated September 1, 2005, the trial court granted Appellees' motion for summary judgment and denied Appellant's motion for summary judgment. In light of the trial court's decision, Appellees voluntarily dismissed their counterclaim against Appellant on September 9, 2005. Appellant appealed that decision. On appeal, we reversed and remanded the trial court's grant of summary judgment in Appellees' favor on March 27, 2007, in Pitzer v.Littleton, Highland App. No. 06CA14, 2007-Ohio-1584.
 {¶ 8} As a result of our reversal and remand of the trial court's grant of summary judgment in Appellees' favor, the trial court conducted further proceedings, which included a bench trial on October 9, 2007.[2] During the trial, there was much debate among counsel for both Appellant and *Page 6 
Appellees, as well as the court, regarding how to interpret this Court's reasoning in reversing and remanding the grant of summary judgment. In addition to hearing arguments by counsel regarding the issues to be decided upon remand, Appellees presented their case, which included testimony from both Appellees, as well as the attorney who conducted the title search on the second parcel, Susan Davis.
 {¶ 9} After considering briefs submitted by the parties, the trial court again found in favor of Appellees and against Appellant, determining that Appellees were "bona fide purchasers and took title to the property free and clear of any interest of the [appellant]. The trial court further held "that the filing of the Divorce Decree between Brian Littleton and his wife which contained the clause `which is allegedly encumbered by an oral pending purchase agreement', [sic] does not act as `notice', [sic] to the McKeehans even though this Decree was also recorded at the Recorders Office of Highland County, Ohio." In its decision, the trial court went on to discuss the issues regarding notice that exist in this case, which will be fully discussed, infra. Appellant now appeals the trial court's decision in favor of Appellees, assigning a single assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 10} "I. THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." *Page 7 
 STANDARD OF REVIEW {¶ 11} In his sole assignment of error, Appellant contends that the judgment of the trial court was against the manifest weight of the evidence. We will not reverse a trial court's judgment as being against the manifest weight of the evidence as long as some competent, credible evidence supports it. See, e.g., Sec. Pacific Natl. Bank v.Roulette (1986), 24 Ohio St.3d 17, 20, 492 N.E.2d 438; C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578. Under this highly deferential standard of review, a reviewing court does not decide whether it would have come to the same conclusion as the trial court. Rather, we are required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions. See, e.g.,Bugg v. Fancher, Highland App. No. 06CA12, 2007-Ohio-2019,2007 WL 1225734, at ¶ 9. Furthermore, we must make every reasonable presumption in favor of the trier of fact's findings of fact. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273. *Page 8 
 LEGAL ANALYSIS {¶ 12} In Pitzer v. Littleton, Highland App. No. 06CA14,2007-Ohio-1584, we reversed and remanded the trial court's grant of summary judgment in favor of Appellees, reasoning that Appellees had failed to set forth specific facts showing that there was no genuine issue of material fact regarding the notice component of the bona fide purchaser standard. As set forth in Pitzer, supra, the three essentials of a bona fide purchase of realty are the absence of notice, valuable consideration, and the presence of good faith. Dietsch v. Long (1942),72 Ohio App. 349, 366, 49 NE.2d 906.
 {¶ 13} Further, we noted in Pitzer, supra, that in David MooreBuilders, Inc. v. Hudson Village Joint Venture, Summit App. No. 22118, 2004-Ohio-4950, at ¶ 8, it was held that:
A purchaser of land who has notice that his grantor has contracted with a third party for the sale of such property or a part thereof takes subject to that contract or option to buy. Dunlap v. Ft. MohaveFarms (1961), 89 Ariz. 387, 391, 363 P.2d 194; Blondell v. Turover, 195 Md. 251, 72 A.2d 697; Fargo v. Wade, 72 Or. 477, 142 P. 830; Texas Co.v. Aycock, 190 Tenn. 16, 227 S.W.2d 41. "A grantee * * * who acquires legal title with notice of a former contract by the vendor to convey the land is subject to the rights of the former purchase, including the latter's right to obtain a decree for a *Page 9 
conveyance upon the payment of the purchase price[.]" 80 Ohio Jurisprudence 3d (1988) 278-79, Real Property Sales and Exchanges, Section 228. See also, Mutual Aid Bldg. Loan Co. v. Gashe (1897),56 Ohio St. 273, 299, 46 N.E. 985. A subsequent purchaser of real estate is bound by a prior contract to sell the same property unless he can prove that he was a bona fide purchaser and took without notice of the existence of the prior contract. Clotfeller v. Telker (Ohio App. 1947), 83 N.E.2d 103.
 {¶ 14} In our prior decision related to the case sub judice, we reasoned that Appellees had failed to demonstrate the absence of genuine issues of material fact regarding whether to not they were on notice of Collins' prior claim against the property. The basis for our holding centered on concerns related to the doctrine of imputed notice with respect to the information obtained by Appellees' counsel, Susan Davis, while searching the title to the second parcel. When Appellees submitted their motion for summary judgment, they relied on the affidavit of their attorney, Susan Davis, to support their claim that they were bona fide purchasers without notice of Appellant's interest in the second parcel.
 {¶ 15} In her affidavit, Davis attested that she was retained by Appellees in December 2000 to conduct a title search on the second parcel. Paragraphs 4-5 of her affidavit state, in pertinent part: *Page 10 
"* * * [I]n the course of examining the title to the subject said real estate there was only found in the public records a notation in the records of the Highland County Recorder which stated: `it is allegedly encumbered by an oral pending purchase agreement,' which was not sufficient notice, in her opinion, regarding the potential claim of Jack Pitzer or someone else to purchase said real estate.
* * * [A]s a consequence of her professional opinion stated above, she did not notify Mr. and Mrs. McKeehan of said statement as said statement did not contain any notices, names, or addresses of those potentially having an interest in said real estate."
 {¶ 16} As we explained in Pitzer, supra, the doctrine of imputed notice to a client or principal rests upon the ground that the attorney or agent has knowledge of something, material to the particular transaction, which it is his duty to communicate to his principal.American Export Inland Coal Corp. v. Matthew Addy Co. (1925),112 Ohio St. 186, 197, 147 N.E. 89. The general rule is that notice to an agent, which acted for his principal, of facts affecting the character of the transaction, is constructive notice to the principal. Id. at 198. InPitzer, supra, we reasoned that "[a]pplying this rule to the facts of the case sub judice, it appears that the Appellees had constructive notice of an oral pending purchase agreement regarding the *Page 11 
second parcel, by virtue of the fact that their attorney, Susan Davis, was aware of the agreement. In light of this constructive notice, the Appellees were not able to show the absence of any genuine issues of material fact regarding their bona fide purchaser status in their motion for summary judgment."
 {¶ 17} A review of the transcript of the bench trial held pursuant to remand indicates there was much confusion among counsel and the court with respect to the interpretation of our reversal of summary judgment. For purposes of clarification, this Court's reversal and remand of the grant of summary judgment in Appellees' favor, was just that, a reversal based upon the failure of Appellees to show there were no genuine issues of material fact regarding the issue of notice. Our holding should be limited to the facts of that case, and simply indicated that summary judgment was premature based upon the evidence in the record at that time. It should not be construed to mean that we had already made a determination that Appellees were on notice of Appellant's claim and therefore could never be bona fide purchasers of the property. We include this language simply for purposes of clarification for the parties involved and to dispel any confusion. *Page 12 
 {¶ 18} As stated, the trial court conducted further proceedings upon remand, which included additional testimony by Appellees, as well as Susan Davis, the attorney Appellees hired to perform a title search on the property. After a thorough review of the transcript, we conclude that the record contains competent, credible evidence to support the trial court's determination that Appellees did not have notice of Appellant's claimed interest in the property and thus, were bona fide purchasers. However, it is at this point that we must address the arguments raised by Appellees regarding the application of the Marketable Title Act in so far as they deal with a purported adverse interest filing under R.C. 5301.51 and 52.[3]
 {¶ 19} R.C. 5301.51 is part of the Marketable Title Act, is entitled "Preservation of Interests," and provides as follows:
(A) Any person claiming an interest in land may preserve and keep effective the interest by filing for record during the forty-year period immediately following the effective date of the root of title of the person whose record title would otherwise be marketable, a notice in compliance with section 5301.52 of the Revised Code. * * *
Further, R.C. 5301.52 provides as follows: *Page 13 
(A) To be effective and entitled to recording, notice referred to in section 5301.51 of the Revised Code shall satisfy all of the following:
(1) Be in the form of an affidavit;
(2) State the nature of the claim to be preserved and the names and addresses of the persons for whose benefit the notice is being filed;
(3) Contain an accurate and full description of all land affected by the notice, which description shall be set forth in particular terms and not by general inclusions, except that if the claim is founded upon a recorded instrument, the description in the notice may be the same as that contained in such recorded instrument;
(4) State the name of each record owner of the land affected by the notice, at the time of its recording, together with the recording information of the instrument by which each record owner acquired title to the land;
(5) Be made by any person who has knowledge of the relevant facts or is competent to testify concerning them in court.
R.C. 5301.52(C) further provides that "[a] notice prepared executed, and recorded in conformity with the requirements of this section, or a certified copy of it, shall be accepted as evidence of the facts stated insofar as they affect title to the land affected by that notice."
 {¶ 20} Here, in an attempt to protect his interest in the property at issue, Appellant's predecessor, Jeff Collins had a copy of Littleton's divorce decree recorded at the Highland County Recorder's Office. However, that decree merely provided that Littleton received, as his own separate property, the property identified as 14015 Cynthiana Rd., Hillsboro, Ohio. While the decree also provided that the property located at 14015 Cynthiana Rd., *Page 14 
Hillsboro, Ohio, was "allegedly encumbered by an oral pending purchase agreement," it did not meet the requirements specified in R.C. 5301.52. For example, the divorce decree was not in the form of an affidavit nor did it provide the names and addresses of the person for whose benefit it was being filed, as required by R.C. 5301.52(A)(1)and (2). Further, the decree only provided the street address of the property and did not include a "full description" of the property, as required by R.C. 5301.52(A)(3). Finally, it did not include the information of the instrument by which each record owner acquired title to the land, as required by R.C. 5301.52(A)(4).
 {¶ 21} During the bench trial that was held upon remand, Appellees' attorney, Susan Davis, testified regarding the title search she performed on the property. In regards to her review of the recorded divorce decree, Davis testified as follows:
"Q So, now you have this bit of information that you found, you have told us why you didn't think it was worth reporting, am I correct?
A I don't know if I said it was [sic] reporting, I think that I was
responsible for reporting anything that I felt was an encumbrance on the property and I did not feel that an alleged oral pending contract was an encumbrance.
Q Did you give any thought to a bona fide purchaser for value at that juncture, and something like that statement made [sic] play into that concept of whether or not Mr. McKeehan is a bona fide purchaser for value? *Page 15 
A Well, I would have considered it as to whether it's Marketable Title or not, and whether he would hold good title, and I felt that he would unless someone who held a contract right or interest would file a separate action to enforce that, that would show that it was an agreement with terms and everything confirmed between the parties.
Q Let me be clear then. In the Recorder's Office nor in the Clerk's Office was there any option to purchase recorded?
A Correct.
Q Was there any contract to sell the real estate recorded?
A None at all.
Q Was there anything like a first right of refusal recorded anywhere?
A None at all.
Q Do you believe or not that the title standard given the fact that you located that require you as the examining attorney to look further into that, such as try to find Mr. Littleton and speak with him or anything of that nature?
A No, I felt like I was reporting what was on the record.
Q And it was it your professional opinion based on your education, training and experience that that language that you just read from the divorce decree did not constitute a lien, or cloud or encumbrance on the title?
A Correct, I did not feel it was a bona fide contract.
Q And did you report that fact to Glenn McKeehan, and let me be clear. Did you report the fact, one, of the existence of that language in the divorce decree?
A I don't think — it wasn't on my title exam. *Page 16 
Q Did you feel any necessity in your professional opinion and experience to relate that to Mr. and Mrs. McKeehan that that was somewhere in the records?
A. Well, because apparently David Pence filed this at the Recorder's Office I thought if there was anything else there should have been something else filed as to the contract there. And no, I didn't feel that it was an encumbrance. October 9, 2007 Hrg. transcript pp. 72-75.
 {¶ 22} Further, the court questioned Davis with regard to the application of R.C. 5301.52, as follows:
Q All right, did you find that either of the divorce decree as filed in the Clerk's Office or the divorce decree filed in the Recorder's Office, did you form an opinion as to whether or not those two filings complied with Section 5301.52?
* * *
A Yes, I did.
Q And that opinion was?
A Based upon that statute that if they attempted to do something it was not according to statute of what should have been done, it did not lead me or put me on notice.
Q And that is the question that the Court has, if a document does not reach the status of being recorded, if it does not comply with 5301.52 do you take the position that for purpose of notice — well, what is your position?
A I felt — my opinion was it was insufficient and then I get into that area of slanderous title, I got to be darn sure before I would put on an opinion and I did not feel complied with the statute.
Q And because it did not comply with the statute what impact did you give to it? *Page 17 
A It was not an encumbrance, the title was marketable. October 9, 2007 Hrg. transcript, pp. 90-91.
 {¶ 23} In its judgment entry, the trial court found in favor of Appellees, reasoning that Appellees "are bona fide purchasers and took title to the property free and clear of any interest of the [appellant]. The court further determined that the recorded divorce decree did not act as notice to Appellees, relying on R.C. 5301.51 and 52 andPinkney v. Southwick lns., L..L.C, Cuyahoga App. Nos. 85074-85075,2005-Ohio-4167 (holding that a notice which fails to comply with R.C. 5301.51(A) is void) in support of its conclusion. Specifically, the trial court reasoned that "* * * knowledge does not ripen into `notice' unless it complies with the Marketable Title Act. That is the whole point of the Act — to provide a procedure whereby purchasers and lenders can be confident in the marketability of their title to real estate — and that they need not fear some frivolous unfounded claim that might be circulating around the community or bandied about in some discreet Divorce case." The trial court further stated "it is obvious to the Court that the reference in the Divorce Decree set forth above in the Littleton Divorce case did not meet the requirements of Section 5301.51
and therefore the attempt by the [appellant] to avail himself of this `notice' cannot be permitted." *Page 18 
 {¶ 24} In light of the deferential standard of review with which we approach this matter, we must affirm the decision of the trial court. With respect to actual notice, both Appellees testified that they had no notice of Jeff Collins' or Jack Pitzer's claim to the property. They testified that although the property had been maintained, they assumed it had been maintained by Littleton. Further, the trial court's determination that Appellees did not possess constructive knowledge of Appellant's claim is supported competent, credible evidence. Davis' testimony set forth her practice, procedure, reasoning and professional opinion in conducting the title search in question. Davis unequivocally testified that she did not feel that the alleged oral contract was a cloud on title that needed to be reported on the title exam and therefore she did not report it.
 {¶ 25} Although the doctrine of imputed notice generally applies to the relationship between an attorney and client, we conclude that it has limited, if any, application in the present context. As set forth above, the doctrine of imputed notice to a client or principal rests upon the ground that the attorney or agent has knowledge of something,material to the particular transaction, which it is his duty tocommunicate to his principal. American Export, supra, (Emphasis added). Although the general rule is that notice to an agent, which acted for his principal, of facts affecting the character of the *Page 19 transaction, is constructive notice to the principal, analyzing the testimony of Susan Davis in light of both the Marketable Title Act and the doctrine of imputed notice, it does not appear that an attorney's knowledge of an alleged claim that does not meet the recording requirements contained in R.C. 5301.51 and 52 would be material to thetransaction, or constitute a fact affecting the character of thetransaction, which a title attorney would have a duty tocommunicate to his client, who is a potential purchaser of the property. Thus, notice to an attorney of a fact which does not merit reporting under the Marketable Title Act, is not imputed to a client when the attorney specifically excludes such fact, based upon his or her professional opinion, in a title report.
 {¶ 26} In light of the foregoing, we conclude that the trial court's determination that Appellees were bona fide purchasers of the property and took without notice of Appellant's claim is supported by competent, credible evidence. Accordingly, because the trial court's decision is not against the manifest weight of the evidence, we overrule Appellant's sole assignment of error and affirm the decision of the trial court.
 JUDGMENT AFFIRMED. *Page 20 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only. Harsha, J.: Not Participating.
[1] This statement was contained in this Court's description of the facts in Pitzer v. Littleton, Highland App. No. 06CA14, 2007-Ohio-1584. During the bench trial held pursuant to our reversal and remand of the grant of summary judgment in Appellees' favor, Appellees' counsel questioned the basis of this Court's statement. For purposes of clarification, this Court based the statement on Collins' testimony offered during the December 15, 2003, trial where at page 36 of the trial transcript he testified that "[i]f you count all the Bobcat time and I've got several thousand dollars in it, if you was to have someone come in with a piece of equipment to remove and haul off and clean up and sew grass seed and mow for almost eight years, I have got several thousand in it, I would say anybody would."
[2] At the bench trial held on October 9, 2007, Appellant stipulated his case in chief, including the evidence and exhibits already submitted in the first trial that was held on December 15, 2003, and rested his case, without presenting additional evidence.
[3] Appellant states in his brief that Appellees' "Marketable Title Act defense" was not raised in their pleadings and was raised sua sponte by the trial court. A review of the record reveals that Appellees' motion for summary judgment asserts that Appellant's recording of Littleton's divorce decree was not a notice in accordance with R.C. 5301.51 and .52. Further, the applicability of R.C. 5301.51 and .52, the Marketable Title Act, was discussed at length by counsel for the parties and the court during the bench trial held pursuant to remand. Appellants did not file any motions seeking to exclude the trial court's consideration of that act in reaching a decision. Further, in light of the trial court's reliance on that code section in reaching its decision, the applicability of Ohio Marketable Title Act to the facts sub judice is squarely before us. *Page 1